JOHN B. MARSH, and others, *vs.* SYDNEY G. HAND.

*Appeal — Practice — Bills of Exception—Compulsory Writ under the Statute of Westm. 2, (13 Edw. 1,) ch. 31— When a proof Copy of a letter is not Evidence—Objection to the Admissibility of Evidence.*

From an order refusing to sign and seal a bill of exceptions, no appeal lies.

Where a Judge before whom a case is tried, refuses to sign and seal a bill of exception tendered in time under the rules of the Court, the party aggrieved by such refusal, may have a compulsory writ from the Court of Chancery, grounded upon the Statute of Westm. 2, (13 Edw. 1,) ch. 31, commanding the Judge to sign and seal the bill of exception ; or he may apply to the Court of Appeals which has power to issue the compulsory writ under the Statute, as incident to the proper exercise of its appellate jurisdiction.

A press copy of a letter is not legal and admissible evidence, in the absence of notice to the opposite party to produce the original, and of any admission or proof that it had ever been received by him.

A press copy of a letter, without being submitted to the inspection of the plaintiffs' counsel, was offered in evidence, and partially read by the defendant's counsel to the jury, without objection from the plaintiffs, who then objected to the reading of the balance. HELD :

That the objection having been interposed in good faith and with reasonable diligence, was made in due time, and the evidence not being legally admissible, should have been excluded.

APPEAL from the Superior Court of Baltimore City.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, ALVEY and ROBINSON, J.

*Patrick M'Laughlin* and *Wm. Pinkney Whyte,* for the appellants.

*William A. Fisher,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

It appears by the record that this case was tried in the Superior Court, at the May Term, 1869; on the 27th of that month, a verdict and judgment were entered in favor of the appellee, who was defendant below, and on the 31st day of August, in the same year, an appeal was entered by the plaintiffs.

During the trial one bill of exception was taken by the appellants, which was regularly signed and sealed, and brings up for review the ruling of the Court below on a question of evidence, which will presently be considered. But before doing so, it is proper for us to advert to some other matters which appear in the transcript, and have been much argued at the bar. It appears that certain other exceptions to the ruling of the Court were taken by the plaintiffs below, in the course of the trial; but no bills of exceptions were prepared or signed and sealed at the time. After the trial some delay occurred in preparing bills of exceptions, caused as alleged, by the absence from the country of the defendant's counsel, Mr. John H. Thomas, and after his return some disagreement arose between the counsel with regard to the exceptions which had actually been reserved at the trial. Several bills of exceptions being prepared by the plaintiffs' attorneys, and the attorney of the defendant not consenting that the same should be signed by the Judge; a petition was filed on behalf of the plaintiffs, on the 15th day of February, 1870, setting forth the causes which had produced their delay, and praying the Court "to allow them an opportunity to show that at the trial of the cause the exceptions in the draft of exceptions, prepared by them, were duly taken as claimed, and that they have not been signed or sealed at an earlier date was not caused by the petitioners, or by their attorneys." On this petition an order was passed requiring the defendant to show cause why the draft of bills of exceptions presented to the Court, should not be signed and sealed, and allowing testimony to be taken. An answer was filed by the defendant,

and testimony was taken under the rule, consisting of the sworn statements of the counsel and of Mr. Prevost the clerk.

Upon consideration of the petition, answer and proofs, the Court below, on the 28th day of March, 1870, "discharged the rule," and afterwards, on the 16th day of May, 1870, at the request of the plaintiffs' attorney, filed an opinion in writing, setting forth as the reason or ground of the Court's action, "that the requirements of the thirty-sixth rule of Court had not been complied with." This rule is set out in the record, and requires every bill of exceptions, if required by either party, to be prepared and settled before the verdict is rendered; *and in every case to be prepared and submitted to the Court during the sittings of the term at which it shall have been taken, unless otherwise expressly allowed by the Court.*

On the 7th day of June, 1870, the plaintiffs entered an appeal from the judgment of the Court, and also from the order of the 28th day of March, "discharging the rule" and refusing to sign and seal the bills of exceptions as prepared and presented by the plaintiffs' attorneys.

In this Court the appellee has moved to dismiss both appeals.

With respect to the appeal from the order refusing to sign and seal the bills of exceptions as presented, the motion must prevail; for the reason that from such an order no appeal lies.

The Statute of Westm., 2, (13 *Edw.* 1, *ch.* 31,) which provides for bills of exceptions in actions at law, prescribes the remedy and course of proceeding, if the Judges before whom a case is tried, refuse to sign and seal a proper bill of exceptions. The party grieved by such refusal "may have a writ grounded upon the Statute, commanding them to put their seals *juxta formam statuti*, &c. 2 *Tidd's Pr.*, (913,) 2 *Inst.*, 427. The Statute does not prescribe the form or nature of the writ, nor provide from what Court it may be issued. The practice in England has been to obtain it from the Court of Chancery, by analogy no doubt to the mode of suing out writs of error.

In the case of *Briscoe vs. Ward*, 1 *H. & J.*, 165, there was a proceeding under the Statute, by a compulsory writ obtained out of chancery, commanding the Justices of the County Court to sign and seal a bill of exceptions. The form of the writ may be found in 2 *Harr. Ent.*, 675.

This course was open to the appellants, if their bills of exceptions had been tendered in time under the rules. Or in such case, application might be made to this Court, which under our judicial system has power to issue the compulsory writ under the Statute, as incident to the proper exercise of its appellate jurisdiction. But in appealing from the order of the 28th of March, the appellants mistook their remedy. Even if the 36th Rule of the Court below had not been relied on as an insuparable objection to granting their petition, this Court would have no power to review the order on appeal.

It has been contended on the part of the appellee, that the appeal from the judgment rendered on the 27th day of May, 1869, ought also to be dismissed; for the reason that the record was not sent up within the time prescribed by law. (1 *Code, Art.* 5, sec. 29.)

The appeal was taken on the 31st day of August, 1869, and the record was transmitted on the 30th day of March, 1871. Under the rule which existed at the time the case was tried below, and the appeal taken; the delay in transmitting the record, was presumptively the fault of the clerk, not of the appellants. *Allender's Lessee vs. Sussan*, 33 *Md.*, 14.

This presumption has not been rebutted by the proof taken under the motion; on the contrary, it appears that the delay was caused by the failure of counsel to agree upon the exceptions; and under the circumstances of the case, as disclosed by the evidence, we think the delay cannot be properly ascribed to the fault or *laches* of the appellants or their attorneys; the motion to dismiss must therefore be overruled.

The single question presented by the first bill of exceptions, (the only one properly before us,) is whether the Court below erred in permitting to be read to the jury, as evidence on the

part of the defendant, a press copy of a letter from him to the plaintiffs, dated the 25th of January, 1862.

The bill of exceptions states that no notice had been given to produce the original; there was no admission or proof that the original had ever been received by the plaintiffs. It is very clear that the copy was not legal or admissible evidence. The bill of exceptions however states that it was offered, and a part of it read to the jury, when the plaintiffs' counsel made their objection. The Court decided that the objection came too late: "that having allowed the first part of the letter to be read, the plaintiffs could not object to the reading of the balance, and that it was too late to object to the admission of the letter, in whole or in part."

In our opinion there was error in this ruling; the objection was made in due time, and the evidence ought to have been excluded.

The rule is well settled, as stated by Judge DORSEY in *Dent vs. Hancock*, 5 *Gill*, 127, "that it is the duty of counsel, if aware of the objections to its admissibility, to object to the testimony at the time it is offered to be given." The same rule is stated in the recent case of the *Washington F. I. Co. vs. Davison, et al.*, 30 *Md.*, 105; and has been embodied among the rules of the Superior Court, referred to by the appellees, in *Evans' Prac.*, 593, as follows: Rule 34. "Every objection to the admissibility of evidence shall be made at the time such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent; otherwise, the objection shall be treated as waived."

This rule does not appear to us to have been infringed in this case by the appellants. It must have a reasonable interpretation. Its object is to prevent a party from knowingly withholding his objection, until he discovers the effect of the testimony, and then if it turns out to be unfavorable to interpose his objection. Such a course could not be allowed. It is very obvious from reading the bill of exceptions in this case, that such a purpose could not be justly ascribed to the

plaintiffs' attorneys. There is nothing to show that they waived their objection or consented to the copy of the letter being read. It was not submitted to their inspection before it was offered, as is the usual and proper course. But it appears that in the hurry of the trial, probably from a momentary inadvertance on their part, a portion of the letter had been read to the jury, when the objection was interposed in good faith and with reasonable diligence.

In our judgment it would be too strict and narrow a construction of the rule, to deny them under such circumstances, the right to make their objection: And inasmuch as the evidence was not legally admissible and ought to have been excluded, the judgment will be reversed and a new trial ordered.

*Reversed and*
*new trial ordered.*

(Decided 1st February, 1872.)