Donohue *vs.* Shedrick.

(Decided 2nd March, 1877.)

GEORGE W. DONOHUE *vs.* JOHN T. SHEDRICK.

*Admissibility of Evidence—Irrelevant and Rebutting Evidence—Questions in regard to bills of exceptions.*

In an action by a bricklayer to recover a balance due him for laying the bricks in certain houses of the defendant, the plaintiff offered to prove by a measurer, that he had measured the buildings in question by a rule adopted by the trade in the City of Baltimore, which had been tested and found correct, and that by the measurement so made the buildings contained a certain number of bricks.   Upon objection to this evidence, upon the ground that as it was shown that the bricks were of unequal size, a correct estimate of the number in the houses could not be ascertained by said rule of measurement, it was HELD:

1st. That the evidence was admissible, but it was the province of the jury alone to give such effect to it as they might think it entitled to.

2nd. That it was no error in the Court below to refuse to incorporate in a bill of exceptions, evidence given after said bill of exceptions had been signed and sealed.

3rd. That in the said action to recover for laying a certain number of bricks, evidence by the defendant that he had only paid the brickmaker for a lesser number, was irrelevant to the issue and inadmissible.

Donohue *vs.* Shedrick.

The defendant having given evidence of the measurement of single bricks and single square feet, tending to show that the rule stated by the plaintiff's measurer was incorrect, and that the salmon brick in the defendant's houses occupying the partition and inside walls above the first floor joists, held a proportion of two-thirds of the whole number, and that by the correct rule there were thirteen bricks and a fraction to the square foot, in a nine inch wall, the plaintiff offered proof by measurers and a bricklayer acquainted with the trade, and with the modes and rules of measurements, that they had measured single bricks of the largest size in the buildings in question, and also in several places in the walls where the bricks were largest had measured square feet, and then offered to prove how many bricks by their measurement and calculation were in a square foot of the walls. On objection, it was HELD:

That this evidence was clearly admissible in rebuttal of the proof introduced by the defendant as to the measurement of single bricks and square feet in the walls.

An exception cannot be taken to the refusal of a Court to sign and seal a bill of exceptions.

APPEAL from the Court of Common Pleas.

The appeal in this case is taken by the defendant below from the rulings of the Court below, (GAREY, J.,) upon several bills of exceptions, the nature of each of which is stated in the opinion of the Court.

The jury rendered a verdict for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER and ALVEY, J.

*O. F. Bump,* for the appellant.

*E. B. Bates,* for the appellee.

GRASON, J., delivered the opinion of the Court.

This was a suit brought by the appellee, a bricklayer, against the owner of certain buildings in Baltimore City, to recover a balance alleged to be due him for laying the

bricks, and this appeal was taken for the purpose of having reviewed the rulings of the Court of Common Pleas of Baltimore City, upon points of evidence raised during the trial, and in which rulings it is alleged that there is error. The amount involved in the suit is very trifling, and the points raised in the several exceptions are very plain, and we have no difficulty in disposing of them.

*First Exception.* — This exception was taken to the admission of the testimony of a measurer, to prove that he had measured the buildings in question by a rule adopted by the trade in the City of Baltimore, which had been tested and found to be correct, and that by the measurement so made the buildings contained two hundred and three thousand, eight hundred and fifty-four bricks. It was contended by the appellant's counsel that, as it was shown that the bricks were of unequal size, a correct estimate of the number in the houses could not be ascertained by the rule of measurement adopted and practiced by the trade. The evidence was certainly admissible, but it was the province of the jury alone to weigh it and give such effect to it as they might think it entitled to, and there was no error in admitting it.

*Second Exception.* — After the evidence as set out in the first exception had been given, and after the signing and sealing of that exception the measurer was cross-examined, and then the counsel for the appellant requested the Court to incorporate in the first bill of exceptions, the evidence given by the witness upon his cross-examination, and upon the Court's refusal to incorporate it, this exception was taken to the refusal. What the witness proved upon his cross-examination, did in nowise affect the admissibility of his evidence in chief, or change the principles of law governing its admissibility. The only possible effect of the proof of the witness upon his cross-examination, was to weaken the force of his proof upon his examination-in-chief; and for this purpose the appellant had the

Donohue *vs.* Shedrick.

full benefit of it before the jury. The Court below therefore, very properly refused to insert in the first bill of exceptions, the proof given after that bill of exceptions was signed and sealed.

*Fourth Exception.*—For the reasons already given, the Court also correctly refused to incorporate in the third bill of exceptions, the evidence given by the witness after that bill of exceptions had been signed and sealed.

*Third Exception.*—This exception was taken to the refusal of the Court to permit the appellant to offer proof, that the brickmaker had received pay from him for only one hundred and eighty-two thousand seven hundred bricks. This evidence was clearly inadmissible. The issue to be tried by the jury, was as to the number of bricks the appellee had laid, and not the number that the appellant had paid for. The evidence offered did not tend to throw any light upon that question, for it might be perfectly true, that the appellant might have *paid for* only one hundred and eighty-two thousand seven hundred bricks, while it might be equally true, that he had purchased, and the appellee had laid two hundred and three thousand eight hundred and fifty-four bricks. The evidence offered in this exception was irrelevant to the issue to be tried as it tended to prove nothing, beside the fact that the brickmaker had *been paid* for only one hundred and eighty-two thousand seven hundred bricks. As we have before said this may have been true, and yet more than that number may have been delivered by the brickmaker, and used by the appellee in the erection of the buildings, and the evidence offered was properly rejected.

*Fifth Exception.*—The appellant having given evidence of the measurement of single bricks and single square feet, tending to show that the rule stated by the appellee's measurer was incorrect, and that the salmon brick in the appellant's houses, occupying the partition and inside walls above the first floor joists, held a proportion of two-

thirds of the whole number, and that by the correct rule there were thirteen bricks and a fraction to the square foot in a nine inch wall, the appellee then offered proof by measurers and a bricklayer acquainted with the trade and with the modes and rules of measurement, that they had measured single bricks, of the largest size, in the buildings in question, and also in several places in the walls where the bricks were largest had measured square feet, and then offered to prove how many bricks by their measurement and calculation were in a square foot of the walls. To the admission of the proof thus offered the appellant, by his counsel objected, but his objection was overruled and the evidence was admitted, and he took this exception. The evidence was clearly admissible in rebuttal of the proof introduced by the appellant as to the measurement of single bricks and square foot in the walls.

*Sixth and Seventh Exceptions.*—It appears from the sixth bill of exceptions, that while the appellee's counsel was addressing the jury, he handed to the foreman of the panel the agreement of the parties and called attention to an unsigned endorsement on the back of it, whereupon the appellant's counsel objected to the endorsement being used. It was at once taken from the jury and handed to the Judge, who after inspecting it, decided that it was admissible evidence to be used before the jury. The appellant then took his sixth exception, but before it was signed and sealed the appellee's counsel waived his right, under said ruling of the Court, to use the endorsement before the jury, and did not use it, having abandoned it as evidence. The memorandum or endorsement on the back of the agreement having been abandoned as evidence in the presence of the jury, and not used, the Court below refused to sign and seal the sixth exception, tendered by the counsel for the appellant, whereupon he took his seventh exception (of which the sixth, which the Court refused to sign and seal is made part) to its refusal. The

sixth exception is therefore not before us for review, and neither is the seventh, for the reason that an exception cannot be taken to the refusal of a Court, to sign and seal a bill of exceptions. See *Marsh vs. Hand,* 35 *Md.,* 126.·

*Judgment affirmed.*

(Decided 2nd March, 1877.)