ALEXANDER RIDDELL and MARY C. RIDDELL, his
Wife *vs.* SARAH CATHARINE DOUGLAS.

*Pleading and Practice—Demurrer—Arrest of Judgment.*

Where the demurrer is to the whole declaration, and is sustained,
the defendant is entitled to judgment, unless the plaintiff asks
leave to amend. If, however, the demurrer be to some of the counts
only, and is sustained, the plaintiff may amend the declaration by
the addition of other counts, or he may stand on the counts ad-
mitted to be good.

The defendant is entitled to judgment on the demurrer to the defec-
tive counts. but the usual practice is merely to strike out the bad
counts, unless the defendant insists on judgment as to such counts.

Where a demurrer to the second count of a declaration is sustained,
and the count is stricken out without objection, by drawing a
pencil mark across the face of it, and the case is tried on the issue
joined to the first count, and judgment is rendered for the plain-
tiff, such judgment will not be arrested because the plaintiff did
not amend his declaration, and no judgment was entered on the
demurrer to the second count.

APPEAL from the Circuit Court for Baltimore County.

This is an action by the appellee against the appellants,
to recover damages for an assault and battery. The de-
claration contained two counts. The defendants pleaded
to the first count, "that they did not commit the wrong
alleged ;" and demurred to the second count. The Court
sustained the demurrer. Issue was joined on the first
count, and the case was tried on that issue. It was ascer-
tained during the trial that the plaintiff's true name was
Sarah Catharine Douglas, instead of Sarah Catharine
Hines, and that her suit was brought in the wrong name
by a mistake, and an affidavit was made to this effect, and
on motion, the Court allowed the plaintiff to amend, and

have her true name inserted in the writ and declaration. (See Act of 1880, ch. 135.) The jury rendered a verdict for the plaintiff. The defendants moved to arrest the judgment for the following reasons:

First. Because of errors apparent on the face of the pleadings and record.

Second. Because the declaration in the cause was improperly allowed to be amended in this, that the plaintiff, a married woman, having brought suit in her own name, was allowed, during the trial of the cause, to change her name from Sarah Catharine Hines to Sarah Catharine Douglas.

Third. Because the plaintiff's declaration was amended, during the trial of the cause, in a manner not warranted by law.

Fourth. Because the defendants' demurrer to the second count, in the declaration of the plaintiff, was sustained by the Court, and no amended declaration was filed by the plaintiff; and said second count was not stricken out, erased or obliterated, save and except, by the drawing of a slight pencil-mark across the face of the same.

Fifth. Because the defendants' demurrer to the second count, in the declaration of the plaintiff, was sustained by the Court, and no amended declaration was filed by the plaintiff; and said second count was not stricken out, erased or obliterated, save and except, by the drawing of a slight pencil-mark across the face of the same; and said old declaration, containing said two counts, was given to the jury, and taken with them to their room, when they retired to make up their verdict.

Sixth. Because there was no amendment of the plaintiff's declaration, as required by law, the amendment made, requiring a new declaration to be filed, which was not done.

The motion in arrest was overruled, and judgment on the verdict was entered for the plaintiff. The defendants appealed.

The cause was argued, by agreement of counsel, before MILLER, ROBINSON, and IRVING, J., and the decision was participated in by ALVEY and STONE, J.

*Robert Riddell Brown*, for the appellants.

*William J. O'Brien*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an action to recover damages for an *assault and battery*.

The declaration contained two counts. To the second, the defendants demurred, and the demurrer was sustained by the Court.

Issue was joined on the first count, and on this issue the case was tried before the jury.

After verdict, a motion was made in arrest of judgment, on two grounds:

First. Because the plaintiff did not amend the declaration.

And secondly. Because no judgment was entered on the demurrer to the second count.

Neither of these grounds is sufficient to justify the Court in arresting the judgment. Where the demurrer is to the whole declaration, and the demurrer is sustained, the defendant is entitled to judgment, unless the plaintiff asks leave to amend. If, however, the demurrer is to some of the counts only, and the demurrer is sustained, the plaintiff may amend the declaration, by the addition of other counts, or he may stand on the counts admitted to be good. Strictly speaking, the defendant is entitled to judgment on the demurrer to the defective counts, but the usual practice is, merely to strike out the bad counts, unless the defendant insists on judgment as to such counts. Now in this case, the defendants did not ask for judgment on the demurrer to the second count. On the contrary,

the count was stricken out without objection, by drawing a pencil-mark across the face of the same, and issue was joined on the first count.     We cannot understand how the defendants were in any manner prejudiced, or how the jury could have been misled by this proceeding.     The only papers to which the jury were entitled were the pleadings, and the instructions granted by the Court.     The declaration on its face shows, that the second count was *stricken out*, and the whole pleadings show, that the case was tried on the issue joined to the first count.     In addition to this, the instructions granted by the Court, and which were conceded on both sides, referred solely to the plaintiff's right to recover on the first count.

The motion in arrest of judgment was therefore properly overruled.

*Judgment affirmed.*