STATE OF MARYLAND, use of CAROLINE L. STAYLOR. and JOHN J. DOBLER, Adm'rs of WILLIAM A. STAYLOR *vs.* GEORGE C. JENKINS, MICHAEL JENKINS and JOSEPH W. JENKINS.

*Plea of Res adjudicata—Demurrer—Pleadings and Practice—Nul tiel Record—Bills of Exception.*

A plaintiff, after the Court has announced a decision sustaining a demurrer to a pleading which, in effect, defeats the plaintiff's action, and the entry of "demurrer sustained" has been made on the docket, but has not been followed by formal judgment for the defendant, may dismiss or discontinue his suit; and if, having done so, he brings a new suit on the same cause of action against the same parties, the decision of the Court on the demurrer in the former case will not sustain a plea of *res adjudicata,* if *nul tiel record* is replied.

A bill of exception is the certificate of the Judge of the testimony on which he decided, and is not in any sense an agreement of counsel; though as a matter of courtesy the counsel on both sides are generally allowed to see it, and make suggestions about it.

It is the uniform practice to sign bills of exception, leaving documentary evidence to be inserted where the bill of exception indicates it is to go in, which documentary evidence is generally so designated as to leave no question as to what was intended to be inserted.

Where the original papers and docket entries in a case are offered in evidence, as authorized by the Act of 1884, ch. 23, they can only be inserted in a bill of exception through copies of the same.

It is not necessary for an exception to the evidence or record offered in reply to a plea of *nul tiel record,* to have been formally signed before judgment rendered on the plea, nor for any prayer to have been submitted on the subject.

To enable the appellate Court to determine whether the Court below erred in its finding or not, requires the evidence to be certified and for such purpose record evidence only is admissible, because

the plea of *nul tiel record* only puts in issue the existence of such record as is pleaded and relied on.

The rule of procedure in such case in this State is a bill of exception setting forth the record offered, the ruling of the Court with respect to it, and the exception thereto.

The entry of "demurrer sustained," is but the announcement of the opinion of the Court upon the question raised by it; and, until formal entry of judgment thereon, the case remains open for amendment or trial of other issues which may be in the case.

Such entry does not possess those elements of a final judgment to make the decision on the demurrer in that case conclusive in any future litigation between the parties.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, IRVING, BRYAN, and McSHERRY, J.

*John J. Dobler*, and *John P. Poe*, for the appellants.

There was no final judgment in the suit brought in the Superior Court, and dismissed by the plaintiffs.

Cases in which a judgment upon demurrer will conclude the litigation, are not excluded from the rule of Maryland practice "that the Courts announce their opinion to the parties *before entering it in the record*, either party is at liberty to amend, and *they may, if they please*, abide by the demurrer, *in which case* the judgment is entered, and the losing party appeals." *Evans' Practice,* 2d Ed., 358; *Riddell & Wife vs. Douglas,* 60 *Md.,* 337.

No appeal could have been taken by the plaintiffs in the Superior Court at the time the suit was dismissed, because there was no final judgment in that case. *Deitrich vs. Swartz,* 41 *Md.,* 196; *Chappell, et al. vs. Funk,* 57 *Md.,* 477; *Boteler & Belt vs. State,* 7 *G. & J.,* 109.

State, use of Staylor and Dobler, Adm'rs *vs.* Jenkins.

And the case in the Superior Court having been voluntarily dismissed by the plaintiffs, before judgment was rendered, they are in no manner precluded from bringing their second suit in the City Court. *Birch vs. Funk,* 2 *Metcalfe,* *Ky.,* 544, 548; *Bouchaud vs. Dias,* 3 *Denio,* 238, 244.

*J. Wilson Leakin,* and *Arthur W. Machen,* for the appellees.

IRVING, J., delivered the opinion of the Court.

The question presented by this appeal is important, as it is one of practice and liable to arise at any time in the prosecution of suits. Simply but precisely stated, it is whether a plaintiff can, after the Court has announced a decision sustaining a demurrer to a pleading, which, in effect defeats the plaintiff's action, and the entry of demurrer sustained has been made on the docket, but has not been followed by formal judgment for the defendant, dismiss or discontinue his suit; and if, having done so, he brings another suit on the same cause of action, against the same parties, whether the decision of the Court on the demurrer in the former case will sustain a plea of *res adjudicata,* if *nul tiel record* is replied.

The question arises thus: The appellants, administrators of William A. Staylor, brought suit on the bond of Jane Staylor, administratrix of William Staylor, alleging, as a breach, the non-compliance on the part of Jane Staylor, administratrix of William Staylor, with a decretal order of the Circuit Court of Baltimore City directing the payment of certain moneys to the plaintiffs. Several pleas were interposed, the fourth being to the effect, that in his life-time, and prior to the decree, William A. Staylor had by deed to Jane Staylor transferred to her his interest in the estate of Wm.

Staylor, and that she had accordingly, and before suit instituted in the Circuit Court of Baltimore City, passed an account and distributed the same, in the Orphans' Court of Baltimore City, to herself, and thereafter held the same as her own.   Several replications to this plea were interposed by the plaintiffs, the third of which only is important to mention; and that averred that the deed to her had been vacated, annulled, and set aside; and that the distribution relied on was *ex parte*, and had been superseded by the decree of the Circuit Court which had established the plaintiffs' rights to the balance found due them.   To this replication defendant demurred; and the Court, Judge FISHER, sustained the demurrer; and thereafter, and before any judgment on demurrer in favor of defendants, which never was, in fact, entered, the plaintiffs in open Court dismissed their suit.   These proceedings were all had in the "Superior Court of Baltimore City."   The demurrer was entered "sustained" on the 21st Dec., 1886, and the dismissal of the suit is entered on the 17th of January, 1887.

The suit, in which this appeal is taken, was instituted in the "Baltimore City Court," upon the 9th of April, 1887, against the same defendants and on the same bond.   The defendants filed substantially the same pleas.   A demurrer to the first and fourth plea having been sustained, upon leave the defendants filed amended pleas, the seventh of which only is involved on this appeal.   That plea is *res adjudicata*, and sets up the action of the Superior Court in the former suit, whereby the demurrer to the third replication to the fourth plea was sustained.   The plaintiffs replied *nul tiel record;* issue was joined and trial had before the Court.   Upon that issue the Baltimore City Court found for the defendants, and gave judgment for them, and hence this appeal.

The record transmitted to this Court purports to give the bill of exception taken by the plaintiffs, and which appears to have been signed by the Judge. It contains copies of the original papers and docket entries in the former suit, the oral testimony taken subject to exception, and the opinion of the Court upon the question raised on the replication of *nul tiel record*, and finding upon the record evidence and docket entries that there was such record as concluded the plaintiffs from recovery in their suit.

The diminution record brings to us the exemplification of the record of the first suit, which the Court in its opinion says was excepted to by the plaintiffs "as being more full than it should have been, and as containing certain entries which are deemed inaccurate," and also a copy of the bill of exception as signed by the Judge, which is as follows: "At the trial of the issue joined upon the plea of *nul tiel record*, the defendants offered the following record, (here insert it,) and the plaintiff offered the following testimony which was received subject to exception, (here insert it,) and the Court upon considering the evidence offered, filed the following opinion, (here insert it,) finding the issue in favor of the defendants, to which finding of the Court the plaintiffs excepted, and prayed the Court to sign and seal this their first bill of exception, which is accordingly done this 10th day of December, 1888."

The appellees insist, that there is no such bill of exception before the Court as to enable the Court to consider and decide the question sought to be raised. The contention is, that exception should have been taken and signed as respects the evidence before the decision rendered; and that as no prayer was offered, there is nothing for the Court to review. It is also argued that the docket entries, upon which the appellant bases his contention that there was no judgment upon the de-

murrer in the former case, are not before the Court on this appeal, because they were not actually inserted in the bill of exception when the same was signed by the Judge, and the clerk could not properly insert them, under the direction in the bill of exception of (here insert).   It is conceded that the Court's opinion which was actually filed, may be regarded as in the bill of exception by proper description.

From this opinion we learn that the docket entries were before the Court, and that they showed that "no formal judgment was entered;" and that the Judge held the entry of demurrer sustained, "was virtually a judgment in favor of the defendants," and that the formal "judgment could not be so entered because the case was dismissed by the plaintiff." It thus appears that the Court has, in the opinion sent up, certified what was before the Court in the way of evidence with almost, if not quite, sufficient distinctness to enable us to say whether his judgment in the premises was right. The bill of exception is the certificate of the Judge of the testimony on which he decided, and is not, in any sense, an agreement of counsel, though as matter of courtesy the counsel on both sides are generally allowed to see it, and make suggestions about it. It is the uniform practice to sign bills of exception, as appears to have been done in this case, leaving documentary evidence to be inserted where the bill of exception indicates it is to go in, which documentary evidence is generally so designated as to leave no question as to what was intended to be inserted. In some respects this exception was, perhaps, a little loose and perfunctory; but still with the aid of the Court's opinion we can have no doubt that what was really admissible in evidence is properly before us.   The evidence of the plaintiff below of the former suit consisted of the original papers and docket entries which were receiva-

ble under Act of 1884, ch. 23, and could only be inserted in a bill of exception through copies of the same. This was certainly authorized by the Judge, and there is no suggestion that they are *inaccurately* presented to us or placed in the record transmitted. If there was error in that regard, the Court below could have been called on to correct it; which does not seem to have been done. The oral testimony, which was admitted subject to exception, was *not admissible* and is not considered by us; so it is immaterial whether that was properly incorporated in the record. The opinion of the Judge and certificate of the clerk sufficiently identify the record evidence as that which was before him, and we cannot do otherwise than consider it. It was not necessary, as counsel have insisted, for an exception to the evidence or record offered in reply to the plea of *nul tiel record*, to have been formally signed *before* judgment rendered on the plea, nor for any prayer to have been submitted on the subject. The appeal is from the *finding* which is the subject of review. The question is whether the evidence sustained the *finding* that there was such record of conclusive judgment as was relied on by the defendants. To enable the appellate Court to determine whether the Court below erred in its finding or not requires the evidence to be certified of course; and for such purpose *record evidence* only is admissible, because the plea of *nul tiel record* only puts in issue the existence of such record as is pleaded and relied on. The rule of procedure in such case, in this State, is well established. It is "a bill of exception, setting forth the record offered, the *ruling* of the Court with respect to it, and the exception thereto." *Mc-Knew, et al. vs. Duvall*, 45 *Md.*, 506; *First National Bank of Hagerstown, Garnishee vs. Weckler*, 52 *Md.*, 38; *LeStrange, et al. vs. State, use of Roche, &c.*, 58 *Md.*, 41.

According to the prevailing practice in this State, the entry of demurrer sustained, is but the announce-

ment of the opinion of the Court upon the question raised by it; and until formal entry of judgment thereon, the case remains open for amendment or trial of other issues which may be in the case. *Evans' Practice, 2nd Ed.*, 358; *Riddell and Wife vs. Douglas*, 60 *Md.*, 337. Where the demurrer is to the whole declaration, or to all the pleas, the party succeeding is entitled to judgment on the demurrer, unless amendment is desired; but if only to some counts or some pleas or replications, the practice is to strike out the defective counts, unless judgment is demanded thereon. Although, in this case, there were pleas and replications on which issues were joined, the one to which demurrer was interposed went to the root of the action, and did seem to make the other issues futile. In that state of the case, the plaintiffs saw fit to *non pros.* their case, and subject themselves to the costs.

We know no reason why the plaintiffs could not do so then, as well as they could have done, if the case had gone to the jury and they refused to answer when called, and before verdict rendered. The Court says "there was no formal judgment entered because the case was dismissed." The entry of "demurrer sustained" was not a judgment upon which execution for costs could go; or on which an appeal could have been taken. It did not authorize the extension of the judgment by the clerk as he has it in the exemplification record in evidence; and, therefore, did not possess those elements of a *final judgment* to make the decision on the demurrer in that case conclusive in any future litigation between the parties. If the Court in the former case had entered judgment on the demurrer, the parties could have appealed and had the question reviewed. Instead of asking that judgment be entered against them that they might appeal, they discontinued their suit, that they might further

consider their cause of action, and determine if they would renew their suit, and we do not see how they are concluded by what took place in the former case which never went to judgment, other than of *non suit.* It appears that on the question upon which the Superior Court expressed its opinion in the former case, the Judge, from whom this appeal is taken, entertained a different view and so decided on demurrer, which induced *the plea of res adjudicata;* and we are asked to look at the whole case and pronounce judgment accordingly, if we think he was in error on the plea of *nul tiel record*, but also in error on the other question which is equally vital to the case. That aspect of the case is not fairly before us on *this appeal,* as we think, and we will only deal with that which is before us. The judgment must be reversed, and a new trial awarded.

*Judgment reversed, and*
*new trial ordered.*