## COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed November 27, 1922.

C. B. C. THOMAS, ET AL.,
VS.
ISAAC I. FIELD, ET AL.

*W. Cabell Bruce* and *Jacob M. Moses* for petitioners.

*Roland R. Marchant*, City Solicitor, *A. Walter Kraus*, Assistant City Solicitor, and *Frederick J. Singley* for School Board.

**DUFFY, J.—**

This is a petition for mandamus instituted by a number of citizens and taxpayers to compel the School Board to use an appropriation of $40,525.80 provided by the ordinance of estimates approved on December 19th, 1921, being—

"Allowance of fund to the Board of School Commissioners to be used in their discretion solely for the purpose of equalizing salaries of secondary teachers on the basis of equal pay for equal work without distinction as to sex or color."

The first point made by the respondents is that the petitioners have no standing in Court because not interested in the subject-matter of this litigation. There is, however, ample authority to sustain the right of citizens and taxpayers to institute proceeding like this. Pumphrey vs. Mayor and City Council, 47 Md. 153; Poe on Practice, sec 710.

The second point is that the sum appropriated "is entirely inadequate to accomplish the equalization intended." This question can not be considered because it is not properly raised by the pleadings. The petition avers that the School Board formally approved and adopted a report of its Committee on Rules in which such statement is made. The answer of the respondent admits that this report was adopted by the board. But nowhere does the answer specifically aver that the sum appropriated is inadequate to accomplish the equalization intended, so that there is no such issue raised by the pleadings.

The third point is that the proceeding is an attempt to interfere with a function of the School Board which is entrusted entirely to the Board's discretion. Section 99 of the City Charter among other things provides:

"The salary of all officers, teachers, secretaries, clerks, and employees shall be fixed by said board not to exceed in the aggregate the amount appropriated by ordinance."

This is a legislative act which creates a discretion and power in the School Board which can not be abridged or interfered with by an ordinance of the Mayor and City Council. It follows from this that when the abovementioned appropriation was made in the Ordinance of Estimates the School Board had the right to exercise their judgment and discretion by refusing to accept it and by refusing to apply it to the purpose for which it was intended. 76 Md. 476, Wailes vs. Smith; 129 Md. 126, Foote vs. Harrington; 136 Md. 88, Osborne vs. Grauel.

This being so, it is unnecessary to consider what is the meaning and effect of the words "in their discretion" in the provision above quoted from the Ordinance of Estimates.

Demurrer overruled.

Petition dismissed, with costs to defendant.