## In Re INGOGLIA'S PETITION.
[No. 42, April Term, 1931.]

*Decided June 12th, 1931.*

The petition was submitted on original papers to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Charles G. Baldwin,* for the petitioner.

The opinion was delivered *per Curiam.*

A petition is filed in this court for the issue of a writ of mandamus to compel the judge of the Superior Court of Baltimore City to sign and certify bills of exceptions presented to him for an appeal from a judgment in a case tried before him. The petition recites that the petitioner had, by

his counsel, prepared forms of bills of exceptions which the counsel considered to constitute a sufficient presentation of the facts and rulings made, and had within the time required by law (Baltimore City Charter, sec. 316), delivered the bills to opposing counsel for examination and amendment, but that the opposing counsel had declined to act upon the forms without the aid of a full transcript of the court stenographer's record of the testimony and proceedings in court. The petitioner, being a man of small means, wished to avoid the expense of obtaining such a transcript, and, after the lapse of the time specified in the statute for procuring the concurrence or amendments of opposing counsel, laid the bills prepared before the court for signature and certification. There was a hearing of counsel on the controversies which arose over the contents of the bills, and thereafter the trial judge refused to sign the forms because he found them inadequate and incorrect presentations of the grounds of the rulings objected to. The trial judge's reasons appear in notes on the forms of bills of exceptions filed in this court with the present petition.

Section 316 of the Baltimore City Charter referred to provides that, after an appellant has duly laid the forms prepared before opposing counsel, and opposing counsel within ten days thereafter have failed to return the bills, the "bills of exception shall be signed by the court, as originally prepared by the appellant, or his counsel." The statute concludes with the provision that: "If the said appellee, or his counsel, shall return the said bills of exception to the appellant, or his counsel, with his amendments or additions, as hereinbefore provided, the said bills of exceptions with such amendments or additions shall forthwith be presented to the judge before whom the said case was tried, who shall settle the same within five days thereafter."

The petitioner, now, construing this statute to intend that the trial judge must sign whatever the appellant may submit to him as fair bills of exceptions, after failure of opposing counsel to act upon the forms, as here alleged, prays that the judge of the Superior Court may be compelled by the writ of mandamus issuing from this court to sign and certify to the

forms of bills of exceptions presented to him. But, as it appears on the face of the papers that the trial judge failed to find that the bills contained a proper presentation of the facts and rulings, he cannot be compelled to sign this particular form, and should not do so.

This court does not construe the statute cited to adopt a new theory of the meaning and purpose of a bill of exceptions. It is still a certification by the trial judge to this court of facts not of record occurring during the course of proceedings before him; it is not merely an agreement by attorneys upon statements of those facts. *Coplan v. Warner,* 158 Md. 463, 469, 149 A. 1; *State v. Jenkins,* 70 Md. 472, 477, 17 A. 392; *Davis v. State,* 38 Md. 15, 52. The certification is finally one by the judge that he finds the statements correct and proper as a presentation of the facts and rulings.

The attorneys act only as aids in the determination by the court of the fairness and sufficiency of the statements. *State v. Jenkins, supra.* If they disagree as to the contents of the bills, the court hears them and settles, if possible, upon amendments or additions to the forms presented. If the trial judge is not able to adopt as proper the forms agreed upon by counsel, or those presented by one counsel, in case the opposing views prove to be irreconcilable, then he, the trial judge, would as a last resort be required to make up and certify new forms of bills of exceptions, with the aid of stenographic notes of the trial or otherwise.

*Petition dismissed.*