## STEVE FOUNDAS *v.* GRACE E. HEFLIN
### [No. 19, January Term, 1937.]

*Decided March 17th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*James P. Kelley*, with whom was *Benjamin Michaelson* on the brief, for the appellant.

*James J. Lindsay, Claude A. Hanley*, and *Francis T. Peach*, submitting on motion to dismiss appeal.

*Per Curiam* opinion.

For consideration by this court, of errors thought to exist in rulings on prayers for instructions in a suit at law, a defendant presents a record without any bill of exceptions certifying even that the prayers were offered and ruled on, and containing none of the evidence which must have been before the trial court in making rulings. In reply to a motion to dismiss the appeal, the appellant explains that counsel for the parties failed to agree on the contents of a bill of exceptions, the appellee unreasonably insisting upon insertion of all papers and all testimony, and that the trial judge, now retired, insisted that counsel must agree.

The rule is plain. If counsel fail to agree, the trial judge must make up a bill of exceptions in such form as he thinks proper, without their agreement; and this under an order from the Court of Appeals when necessary. "The bill of exceptions is the certificate of the judge of the testimony on which he decided, and is not, in any sense, an agreement of counsel; though as matter of courtesy the counsel on both sides are generally allowed to see it, and make suggestions about it." *State, use of Staylor, v. Jenkins*, 70 Md. 472, 477, 17 A. 392, 393; *In re Ingoglia's Petition*, 161 Md. 207, 209, 155 A.

305. Nothing more than a request was made of the trial judge in this instance. *Marsh v. Hand,* 35 Md. 123, 125; *Marx v. Reinecke,* 142 Md. 342, 347, 120 A. 876.

This court being without a record on which it might review rulings in the case, the appeal must be dismissed.

*Appeal dismissed.*