LUCILLE F. HAYES *v.* WILLS DAIRY, INC.

[No. 41, January Term, 1945.]

*Decided May 16, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*James M. Hoffa,* with whom was *George M. Mullen* on the brief, for the appellant.

Argued on the motion to dismiss by *Roszel C. Thomsen,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

This case is an action for damage caused to the appellant's touring car solely by the alleged negligent operation of the appellee's trailer-tractor by its agent. A jury in the Superior Court of Baltimore City returned a verdict for appellant for the full amount of the damage claimed. At the close of all the evidence, appellee offered a prayer for a directed verdict, which was denied by the Court. After the verdict was rendered by the jury appellee filed a motion for a judgment in its favor notwithstanding the verdict. The Court granted that motion and entered a judgment for appellee for costs. From this judgment the appellant brings this appeal.

It may be stated at the outset that the adoption of Rule Eight of this Court, which provides for the practice of filing a motion for the entry by the trial court of a judgment notwithstanding a verdict has been rendered by a jury to the contrary, did not affect in any way the practice or the law theretofore obtaining concerning what is the record in a given case, or what it should contain, in cases where appeals are taken to this Court. So, what was necessary in this regard before the adoption of Rule Eight by this Court is necessary now. If the appellee had not filed its motion for judgment notwithstanding the verdict, but had appealed from a judgment entered on the verdict of the jury, it cannot be doubted that it would have been required to have the trial court sign proper bills of exception. In such a case the absence of bills of

exception, even though a full copy of the testimony taken at the trial had been filed with the clerk and transmitted to this Court, would have been fatal. This Court, in such state of a record, would not have the power or authority to consider the testimony not certified by the trial court by bills of exception, and hence it would have been impossible for it to say the lower court was wrong in not granting the prayer for a directed verdict. In the face of such a record the appeal would have been dismissed. In considering the motion *non obstante veredicto,* the trial court was reconsidering its ruling made at the trial of the case on the demurrer prayer. It was considering the question of whether the appellant offered at the trial any evidence legally sufficient to be submitted to the jury. Of course, in acting on the motion *non obstante veredicto* it considered the evidence offered by appellant at the trial, and it came to the conclusion that no evidence had been adduced by appellant legally sufficient to be submitted to the jury to show primary negligence on the part of appellee. We are asked to review that ruling and we find that the trial court has not certified the evidence by the signing of bills of exception. It is well to bear in mind that this is a case that was tried before a jury, and under the circumstances here the evidence offered could not possibly be considered as a part of the record unless certified by the trial court by the signing of bills of exception. In times long past, the law did not provide for bills of exception, and hence the appellate court never had before it testimony given before the trial court. This worked great injustice. It was corrected by the Statute of 2 *Westminster* (13 Edward I, Chapter 31) which is in force in Maryland. *Alexander's British Statutes* (Coe's Ed.) Vol. 1, Page 165.

"Unless presented in this mode" (that is, the mode provided in the statute above mentioned) "the Court of Appeals has no power to review the ruling." *Pleading & Practice, Poe* (Tiffany's Ed.) Vol. 2, Sec. 310. See note 2 for cases.

The "mode" referred to is the signing of bills of exception by the trial judge.

"The record, strictly speaking, consists of the order for the writ, the writ, the pleadings, the verdict and judgment. * * * But it does not contain the evidence nor the rulings of the Court upon points arising during the trial." *Pleading & Practice, Poe* (Tiffany's Ed.) Vol. 2, Sec. 312.

And "the bill of exceptions is no part of the record proper." *Thorne v. Fox,* 67 Md. 67, 74, 8 A. 667, 669.

"Indeed, provided the decision complained of is not upon matter which is apparent upon the face of the record, the language of the statute is broad and general, and gives the right to demand a bill of exceptions in all cases of error in law, occurring in a civil common-law cause in the court below, in respect of any decision or declaration of law by which the jury are influenced or counsel controlled. In such cases the facts may be brought up by a bill of exceptions or by an agreed statement of facts, or by depositions filed by order of court, and no testimony contained in the record, but not authenticated in one of these modes, will be considered by the Court of Appeals." *Pleading & Practice, Poe* (Tiffany's Ed.) Vol. 2 Sec. 313.

We are dealing solely with the mode of certification of testimony by bills of exception. This record does not present the occasion for authentication of testimony by means other than bills of exception.

Rule Five of this Court (which is based on Section 12 of Article 5 of Flack's Code) 1939, among other things, provides: "* * * but if a defect of proof be the ground of the ruling on exception, then the particulars in which the proof is supposed to be defective shall be briefly stated, and all the evidence offered in anywise connected with such supposed defect, shall be set out in the bill of exception."

The trial court thought the defect in the testimony was its legal insufficiency, to be submitted to the jury, to establish primary negligence, and the testimony should have been, under this rule, "set out in the bill of exception."

676

In *Quesenbury v. State,* 183 Md. 570, 39 A. 2d 685, 686, this Court, speaking through Judge Melvin, said: "* * * not a single exception was reserved at the trial. Besides the docket entries, all that the record does show is a transcript of testimony and even this is unauthenticated."

The appeal was dismissed.

Again, in *Murphy v. State,* 184 Md. 70, 74, 40 A. 2d 239, 241, we said, "Rulings on objections to evidence can be brought to this Court for review in no other way than by bills of exception duly signed by the trial court. *Lubinski v. State,* 180 Md. 1, 22 A. 2d 455. Nor does the fact that the record contains the transcript of testimony alter the situation."

See also *Fick v. Towers,* 152 Md. 335, 338, 136 A. 648; *Street Commissioners v. Williams,* 96 Md. 232, 53 A. 923; *Trustees of Riverdale Presbyterian Church v. Paul B. Pugh & Co.,* 154 Md. 550, 553, 140 A. 844; *In re Ingoglia's Petition,* 161 Md. 207, 155 A. 305; *Foundas v. Heflin,* 172 Md. 92, 190 A. 680.

In *National Bank of Chester Co. v. Armstrong,* 66 Md. 113, 6 A. 584, 587, 59 Am. Rep. 156, Judge Miller said: "This Court is strictly an appellate tribunal, and on an appeal in a civil suit like this the facts of the case, and what occurred at the trial, can be legitimately certified to us only through the medium of bills of exception taken to the rulings of the inferior court, regularly signed* * * by the judge; and our duty is confined to a review of these rulings. On such an appeal what is outside of the exceptions is outside of the record."

In this case the transcript of the testimony contained in the record, not reduced to bills of exception, is outside of the record and cannot be considered by this Court. For these reasons the motion to dismiss the appeal was sustained.

*Appeal dismissed, with costs to appellee.*