NEWARK TRUST COMPANY *v.* TRIMBLE ET UX.

[No. 118, September Term, 1957.]

*Decided February 26, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Leonard H. Lockhart,* with whom was *Charles M. Huester* on the brief, for appellant.

No brief and no appearance for appellees.

BRUNE, C. J., delivered the opinion of the Court.

Newark Trust Company, the appellant, obtained a judgment by confession in the Circuit Court for Cecil County on August 22, 1956, against the appellees, Samuel B. Trimble and Gladys Trimble, his wife. Judgment was entered by the Clerk and summons was duly served on the appellees on August 24, 1956, both in accordance with what is now Rule 645 of the Maryland Rules (then G.R.P.P., Part Three, II, Rule 1). The judgment was based upon a confessed judgment note purportedly executed by the defendants-appellees, dated April 27, 1956, payable to the order of one Richard Smith at the Newark Trust Company, in monthly instalments beginning one month after date, with a provision for acceleration of the unpaid balance upon default in the payment of any instalment. The note was endorsed, without recourse, by Richard Smith to the Newark Trust Company. It was in printed form, and the signatures of the makers were witnessed by Smith. The amount of the judgment was the face amount of the note, $708.00, plus interest and attorney's fee. No pleading was filed by the defendants within thirty days after service, and on January 25, 1957, a fi. fa. was issued on the judgment. As a result, property owned by the defendants as tenants by the entireties was advertised for sale on March 9, 1957.

On March 1, 1957, the defendant, Gladys Trimble, acting on behalf of both defendants, signed and filed, through counsel, a motion to strike out the judgment and a request for immediate hearing, based upon a claim that the signatures

to the notes were forgeries and a further claim that the defendant Samuel B. Trimble was then in an insane asylum and had been insane at the time of the making of the note. The matter was set for hearing on March 7, 1957. On that date counsel for the plaintiff asked for a postponement, which was granted, and at the same time the Circuit Court stayed the sale pending determination of the motion to strike out the judgment.

The matter came on for hearing on June 7, 1957, and further hearings were held on June 13 and June 19, 1957. On the latter date the Circuit Court entered an order striking out the judgment, preserving all liens and allowing the defendants fifteen days to plead. On July 2nd they pleaded forgery and the general issue. (There was no plea of insanity.) On July 16, 1957, the plaintiff appealed from the order of June 19th.

The record contains no transcript of proceedings at the hearings. We were informed by the appellant's counsel at the argument in this Court that there was no court stenographer available at the time and hence there is no stenographic record. The Judge who heard the matter in the Circuit Court retired from office within a day or two after the hearing of June 19th, and no statement or certificate of what transpired at the hearing was presented or requested.

The appellant asks us to reverse the order striking out the judgment. It urges that the appellees, who had due notice of judgment and full opportunity to contest it are now estopped from attacking it except for fraud, mistake, duress, surprise or coercion in the obtention of the judgment; and it further urges that, even if the signatures to the note were forgeries, this alone would not supply the showing necessary to set aside the judgment. The appellees did not appear in this Court and filed no brief.

Our present Rule 645 with regard to the entry of a judgment by confession and its requirement for the service of summons on the defendant and its allowance of thirty days within which to move to strike out such a judgment are the outgrowth of the hardships upon defendants in such cases, which sometimes resulted previously from lack of notice and

the consequent lack of an opportunity to interpose defenses before such a judgment became enrolled.

It is true, as a general proposition, that one who has a full and free opportunity to be heard, but who elects to stand mute and so to permit judgment to go against him, is bound. *Moss v. Annapolis Savings Institution,* 177 Md. 135, 8 A. 2d 881. Prior cases have established the rule that "after a judgment is enrolled it is no longer within the breast of the court and cannot be properly stricken out, except upon allegation and proof of fraud, surprise, deceit or irregularity, and unless it appears that the party has acted in good faith and with ordinary diligence" and that the defendant "must also show that he has a meritorious defense to the cause of action." *Adelburg v. Stryjewski,* 200 Md. 346, 89 A. 2d 592. See also, *Hamburger v. Standard Lime & Stone Co.,* 198 Md. 336, 84 A. 2d 74; *Harvey v. Slacum,* 181 Md. 206, 29 A. 2d 276; and *Pioneer Oil Heat, Inc. v. Brown,* 179 Md. 155, 16 A. 2d 880. Our present Rules 625 and 645 state the rule as to reopening judgments in somewhat different terms.

However, in the absence of any record of the evidence adduced at the hearing or hearings on the appellees' motion to strike out the judgment by default, we are in no position to pass upon the correctness of the Circuit Court's action. If we grant that the allegations contained in the appellees' motion did not fully meet the tests set forth in the cases above cited, we cannot overlook the freedom with which amendments are allowed (Rule 320 of the Maryland Rules), nor can we assume that no sufficient showing was made at the hearing to warrant the trial court's action. In the absence of any evidence we cannot tell what excuse for delay the appellees may have asserted or what information, if any, as to the alleged forgery, or tending to put the appellant on notice thereof, the appellant may have had prior to obtaining the judgment by confession. As to forgery or knowledge thereof, in *Denton National Bank v. Lynch,* 155 Md. 333, 142 A. 103, it was said (155 Md. at 340) : "If the appellant had forged the notes in this case upon which the judgment was entered, it would not be denied, we think, that the judgment was fraudulently obtained. This being so, it is appro-

priate to inquire what would be the effect thereon if it were shown that the notes, though not forged by the appellant, were forged by another and that fact made known to the plaintiff before the entry of the judgment thereon. The effect upon the defendant would be the same in either case, and if it were necessary in this case to apply the rule, we are inclined to think that the defendant would be entitled thereunder to the relief sought."

On the record before us, we cannot determine whether the Circuit Court acted correctly or incorrectly in striking out the judgment. We therefore feel constrained to dismiss the appeal pursuant to Rule 835 a 2, Rule 835 b (5) and Rule 828 b 1 (b) of the Maryland Rules. It seems evident that the appellant proceeded with the hearing despite the absence of a stenographer to record the proceedings. The right to a stenographic record can be waived in a criminal case, even though such a waiver may preclude appellate review of the evidence. *Banks v. State,* 203 Md. 488, 102 A. 2d 267. We think that such a waiver may also be made with like effect in a civil case. See *Hayes v. Wills Dairy, Inc.,* 184 Md. 672, 42 A. 2d 669, in which, under the practice then prevailing, the absence of a bill of exceptions certified by the trial court was held fatal to the right of the appellant to maintain an appeal seeking a review of a judgment N.O.V., despite the fact that the record included a stenographic transcript of the testimony. This Court cited *Poe* on *Pleading & Practice* (Tiffany's Ed.) Vol. 2, Sec. 313, as showing that facts might be brought up by a bill of exceptions, an agreed statement of facts, or by depositions filed by order of court, and pointed out that only the absence of a bill of exceptions was involved in the *Hayes* case. Since that case was decided, the necessity for a bill of exceptions has been done away with, but none of the ways of supplying the equivalent thereof which are authorized under our present rules has been made use of; nor so far as we are informed, has any attempt been made by the appellant to obtain an equivalent of the transcript.

The lack of transcript and of anything else to show what evidence was produced at the hearing is unfortunate from the appellant's point of view, and the appellant's problem

with regard to the record was doubtless rendered more diffi-
cult by the retirement of the trial Judge almost immediately
after the hearing. Yet we cannot supply the lack of the rec-
ord, nor could the Clerk of the trial court supplement the
record by what is not in his possession. We cannot review
a case *in vacuo.* *Sunshine Laundry Corp. v. White,* 197 Md.
582, 80 A. 2d 1; *McBurnie v. McBurnie,* 214 Md. 210, 134
A. 2d 78.

> *Appeal dismissed; the costs to be*
> *paid by the appellant.*