## RHODES HARDWOOD FLOORING COMPANY ET AL. *v.* BLUE RIDGE FLOORING COMPANY, INC.

[No. 93, September Term, 1958.]

*Decided December 12, 1958.*

*Motion for rehearing filed January 12, 1959, denied and opinion modified January 21, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Henry A. Babcock,* with whom were *Walter L. Green, Green & Babcock,* and *Riesner & Jawitz* on the brief, for appellants.

*J. Wilmer Cronin,* with whom was *Cary M. Euwer* on the brief, for appellee.

PER CURIAM.

On September 6, 1955, Blue Ridge Flooring Company, Inc., (Blue Ridge), filed a non-resident attachment proceeding in the Circuit Court for Prince George's County against Rhodes Hardwood [and] Flooring Corporation (Rhodes). The attachment was laid in the hands of the Lane Lumber Company (Lane) as garnishee. On October 11, 1955, the garnishee filed a plea confessing it held credits due and owing Rhodes in the sum of $13,452.71. Subsequently an amended plea was filed stating that the garnishee, by agreement of the parties, had released to Rhodes all of such credits except the sum of $5,000.

On December 9, 1955, Rhodes filed a motion to quash the attachment, and on the same day filed a motion for a summary judgment, accompanied by an affidavit in support of the motion. An opposing affidavit was filed by Blue Ridge before the motion was heard. Both motions—for a summary judgment and to quash—were heard by the court on March 9, 1956. On the same day the motion for a summary judgment

in favor of Rhodes against Blue Ridge was granted, and the judgment was entered as directed. At the same time, the court also granted the motion to quash the attachment. On May 14, 1956, Lane, instead of paying the $5,000 it had retained to Rhodes, paid the sum into the registry of the court. On July 13, 1956, Rhodes filed a petition claiming that the $5,000 paid into court belonged to it. On the same day it filed a motion for another summary judgment, together with an affidavit and certain invoices in support thereof, to which Blue Ridge promptly filed another opposing affidavit.

On November 11, 1957, Blue Ridge moved that the order of court dated March 9, 1956, "dismissing the attachment against * * * [Rhodes] be stricken, and [that] the attachment be reinstated * * *." At another hearing on May 2, 1958, the court rescinded its previous orders of March 9, 1956, whereby it had granted the motion for a summary judgment in favor of Rhodes against Blue Ridge as well as the motion to quash the attachment, and granted a judgment of condemnation absolute for $5,000 in favor of Blue Ridge against Rhodes. Although it does not so provide, the effect of the rescinding order was to strike out the judgment entered in favor of Rhodes against Blue Ridge on March 9, 1956.

The court lacked authority to strike out the judgment entered March 9, 1956. Maryland Rule 625 provides that: "For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity." There is no doubt that after the judgment became enrolled thirty days after its entry, the court was without authority to set it aside unless the court, upon a *proper* motion, was satisfied that entry of the judgment had been procured by fraud or was entered by mistake or because of some irregularity, of which there was no proof in this instance. Even if we assume, without so holding, that the court was in error in deciding the motion for summary judgment in favor of Rhodes, such error would not constitute such a mistake as is contemplated by the rule.

See *Newark Trust Co. v. Trimble,* 215 Md. 502, 505, 138 A. 2d 919 (1958), and the cases therein cited.

So much of the order of the lower court dated May 2, 1958, as affects Rhodes Hardwood [and] Flooring Corporation, must be reversed, and the case remanded for the entry of a formal order directing the clerk of court to pay the sum of $5,000 out of the registry of the court into the hands of Rhodes Hardwood [and] Flooring Corporation, or its attorneys of record.

The judgments condemnation *nisi* and absolute against Rhodes Flooring Company, Inc., and Independence Hardwood Corporation can have no effect as judgments *in rem.* In the state of the record we do not pass upon whether Judge Digges intended to enter judgments *nisi* against Rhodes Flooring Company, Inc., and Independence Hardwood Corporation in the short note cases.

> *Order of court reversed and case remanded for entry of order herein directed, the appellee to pay the costs.*