## James Foran *vs.* John Johnson.

*Attachment—Sufficiency of the Affidavit—Insufficient ground for Striking out a Judgment on an Attachment.*

The affidavit of a plaintiff in the case of an attachment on warrant, alleged that the defendants, giving the full name of each individual of the firm, trading as James Foran & Company, " not being citizens of the State of Maryland, and not residing therein," were justly and *bona fide* indebted unto him, &c.; and concluded by charging, " that he is credibly informed and verily believed, that the said *James & Company* are not citizens of the State of Maryland, and doth not reside therein." HELD:

That the phrase " the said *James & Company* " was undoubtedly intended for James Foran & Company, and was such a mistake as did not impair the sufficiency of the affidavit.

A judgment on an attachment, of twelve years standing, will not be stricken out upon the allegation of fraud and deceit on the part of the plaintiff, supported only by the *ex parte* affidavit of the defendant, the most material part of which is pronounced false by the plaintiff.

APPEAL from the Baltimore City Court.

In this case an attachment on warrant was issued at the instance of the appellee on the 20th of April, 1869, out of the Baltimore City Court, against the property and rights of the appellant, and James Delaney and Mary Delaney, trading as James Foran & Company, as non-resident debtors. The writ was levied upon a certain dwelling-house and smoke-house in the City of Baltimore. On the 11th of May, 1869, a judgment of condemnation *nisi*, was rendered. On the 9th of April, 1881, a writ of *fieri facias* was issued on said judgment. On the 11th of May, 1881, James Foran filed a motion to strike out the judgment of condemnation, and assigned reasons in support of the same. On the 18th of June, 1881, the Court over-

ruled the motion to strike out, and from this action of the Court the present appeal was taken.

The cause was argued for the appellant before BARTOL, C. J., STONE, GRASON, MILLER, ROBINSON, IRVING and RITCHIE, J., and submitted for the appellee.

*John T. McGlone,* for the appellant.

*W. H. Cowan,* for the appellee.

STONE, J., delivered the opinion of the Court.

This is an appeal from the refusal of the Baltimore City Court, to strike out a judgment of condemnation on an attachment. Two reasons were assigned by the appellant on his motion.

1st. That the judgment was procured and obtained by fraud, deceit and bad faith.

2nd. That the affidavit upon which the warrant was issued, does not contain a sufficient averment of the non-residence of the defendants.

The second of these reasons relies upon a defect, apparent upon the face of the proceedings, and will first be considered. The alleged defect will be found in the latter part of the affidavit, and consists in the use of the words, "that the said James & Company are not citizens, &c.,". instead of "James Foran & Company." In the former part of the affidavit, the full name of each individual, composing the firm of James Foran & Company were given, and they were described as "not being citizens of the State of Maryland, and not residing therein." After the names of the persons composing the firm were once clearly set out, it was not necessary to repeat them every time the firm was referred to. Taking the whole of the affidavit together, it is impossible to doubt that the term, "the said James & Company" referred to James Foran &

Company, and is a substantial compliance with the law; and we do not deem the objection so made to the affidavit a fatal one.

The other reason assigned for striking out the judgment is, for defects not appearing upon the face of the proceedings, and which depend upon proof to be taken in the case.

The proper manner of bringing such proof into the case, is an important question to be settled, before it will be necessary to advert to the testimony appearing in the record.

Courts are always reluctant to interfere with judgments after the lapse of the term at which they are entered, and they should be interfered with, with great circumspection. The power to do so is undoubted, but that power should only be exercised after the most careful consideration of the facts, which should be brought before the Court in the mode best adapted to the ascertainment of their truth.

In the case of *Montgomery vs. Murphy*, 19 *Md.*, 581, this Court said: "The judgment records of the State are presumed to have been made up after the most careful deliberation, and to permit them to be altered or amended without the most solemn forms of proceeding, would be contrary to law and good policy."

And in *Kemp & Buckey vs. Cook, et al.*, 18 *Md.*, 139, they say: "The judgment records of the State are the highest evidences of debt known to the law; they are presumed to have been made up after the most careful deliberation, upon trial, or hearing of both parties. To permit them to be altered or amended without the most solemn forms of proceeding, would be contrary to law and good policy."

The case of *Lamden vs. Bowie*, 2 *Md.*, 340, was the case of an attachment on warrant. At the same term of Court, to which the writ of attachment was returned, the

defendant filed an affidavit of a competent witness, controverting and denying so much of the affidavit of the plaintiff as alleged the non-residence of Bowie, the defendant. Upon this affidavit, the Court below quashed the attachment, and the plaintiff appealed to this Court. The Court reversed the judgment, and in the opinion said—"Upon such an affidavit, the Court might very properly have received the motion; but without an admission of the truth of the affidavit, or any proof to sustain it, the proceeding ought not to have been quashed. Allowing an *ex parte* affidavit to have such an effect, would be calculated to produce dangerous consequences. When a motion of this sort is made, and the circumstances relied upon to sustain it, are not admitted to be true by the opposite party, reasonable opportunity should be given to produce testimony on the subject. The manner of taking the proof may be regulated by consent of parties or directed by the Court in accordance with the rules of practice in summary proceedings of this, and of like character."

The *only* evidence offered in the case before us, to establish the fraud and deceit complained of by the defendant, is an *ex parte* affidavit of the defendant himself, made in the City of Chicago, and filed with the motion to strike out the judgment. The truth of this affidavit was not admitted by Johnson, but on the contrary, the most material part of it, is flatly contradicted by him; so that the only proof in the case, is this *ex parte* affidavit, no part of which is admitted to be true, and the most material part pronounced by Johnson to be false.

If this Court in *Lamden vs. Bowie,* refused to permit such evidence to avail the defendant to quash an attachment, *before* the judgment of condemnation was made absolute, we do not feel warranted in allowing such evidence to be sufficient to strike out a judgment of twelve years standing, and quash the attachment upon which

---

it was founded.   It would be an anomaly in legal proceedings, if the highest evidence of debt known to the law—the record of a judgment—could be nullified, and set aside by an *ex parte* affidavit, taken without notice to the party against whom it was to be used, and which, if taken to be true, would fix upon him the stigma of. fraud and deceit.

(Decided 3rd March, 1882.)

