# MICHAEL PUMPIAN

*vs.*

## E. L. RICE & COMPANY, a Body Corporate.

*Striking Out Judgment After Term—Misnomer of Plaintiff.*

While great latitude is allowed the trial court in the matter of striking out judgments where the motion is made at the same term, a much stricter rule obtains if the motion is deferred until after the close of the term.        p. 365

An application to strike out a default judgment, which did not allege any fraud or surprise, or that there was any meritorious defense, and was not entered until three months after the judgment, and after the term at which the judgment was entered had lapsed, was properly refused, when based merely on the fact that the judgment was in favor of "E. L. R.," while the *narr.* named the plaintiff as "E. L. R., a body corporate," this not being alleged to have misled the defendant, and it being an irregularity which might have been reached by amendment.        p. 366

*Decided December 9th, 1919.*

Appeal from the Superior Court of Baltimore City (BOND, J.).

Submitted on briefs to BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*Harry O. Levin,* for the appellant.

*L. Wethered Barroll,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This case reaches this Court on appeal from the Superior Court of Baltimore City, and the sole point involved in the appeal is the refusal of that Court to strike out a judgment rendered against the appellant for the sum of $149.60.

The suit was brought on an open account under the Speedy Judgment Act applicable to Baltimore City, and a judgment

by default for lack of appearance and affidavit of defense was entered on the 10th of March, 1919. On the 17th of March the judgment was extended before the Court, and on June 13th the motion now in question to strike out that judgment was filed, and the same day overruled.

The ground upon which the judgment was asked in the petition to be stricken out was a misnomer of the plaintiff, the *narr.* having named the plaintiff as "E. L. Rice & Co., a body corporate," and the judgment being in favor of "Elver L. Rice."

From the dates given it is apparent that the motion to strike out the judgment was not made until after the term at which the same was entered, and while great latitude is allowed to a trial court in the matter of striking out judgments, where the motion is made at the same term, if the motion is deferred until after the close of the term, a much stricter rule obtains.

The law is this State with regard to the striking out of judgments is comprehensively but concisely stated in Section 392 of 2 *Poe, Pleading and Practice,* and the language there used has been repeatedly quoted with approval in the decisions in this State. Thus in *Malone* v. *Toper,* 125 Md. 163, quoting from *Mr. Poe's* work, this Court says:

"In passing on an application made during the same term at which the judgment was entered our Courts usually act liberally and upon reasonable proof of merit and of equitable circumstances strike out the judgment and let the defendant in to be heard."

The Court then adds that there must be reasonable proof of circumstances which make it inequitable that the judgment should be allowed to stand.

So in the case of *Houston* v. *Wilcox,* 121 Md. 100, this Court speaking through JUDGE BRISCOE, and referring to the case of *McCambridge* v. *Walraven,* 88 Md. 378, and where the judgment was asked to be stricken out upon the ground of fraud, it was said that the application to strike out "must

be made within a reasonable time after the discovery of the fraud, the general rule being that the application to strike out a judgment must be made within the time allowed to take an appeal after knowledge of the facts relied on"; and in *Foxwell* v. *Foxwell*, 122 Md. 272, it is said: "Where the process has been regularly served upon the defendant and he fails to appear and make his defense and judgment is regularly entered against him, a strong case must be presented to justify the Court in striking out the judgment after the lapse of the term" * * * "and the Court will not in any such case interfere with the judgment unless the facts produced clearly establish fraud, deceit, surprise or irregularity in obtaining the same, and the defendant has acted *bona fide* and with reasonable diligence in making the application."

An exhaustive review of the cases upon this point will also be found in the case of *Sunderland* v. *The Braun Packing Co.,* 119 Md. 128.

The application in the present case does not allege any fraud or surprise, or that the appellant had any meritorious defense; it was not entered until more than three months after the original judgment, and the term at which the judgment was entered had lapsed.

The irregularity, as forming the basis for the motion, is a misnomer of the plaintiff in the original case, and for a considerable time it was such irregularity as might have been invoked in this way, as appears by a number of the earlier cases; but since the passage of the Act of 1880, Ch. 135, Code Art. 75, Sec. 37, the name of the plaintiff may be amended as freely as any other step in the case. There is no question raised that the appellant was not duly summoned, or that he was in any way misled by using the name of the plaintiff as "E. L. Rice & Co., a body corporate," when it should have been Elver L. Rice, or that he has any meritorious defense to the action which was brought. The judgment appealed from will therefore be affirmed.

*Judgment affirmed, with costs.*