# WILLIAM H. HARVEY, JR. *v.* WILLIAM J. SLACUM, ET UX.

[No. 3, October Term, 1942.]

*Decided December 7, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, MARBURY, and GRASON, JJ.

*Hewlett B. Cox* and *Michael J. Manley,* with whom were *Harley, Wheltle & Manley* on the brief, for the appellant.

*Foster H. Fanseen* and *Philip S. Ball* for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This suit was brought by William H. Harvey, Jr., in the Baltimore City Court on June 25, 1941, alleging that while riding on his bicycle on a public highway he was struck and injured by an automobile truck owned by William J. Slacum and Alva Slacum, his wife, the defendants, and negligently operated by their agent and employee. The plaintiff claimed $10,000 damages. On August 13, judgment by default was entered against the defendants for failure to appear and plead. On September 24, a jury of inquisition assessed the damages sus-

tained by the plaintiff at $10,000. On September 26, judgment was extended for that amount with interest and costs.

On January 28, 1942, the defendants moved that the judgment be stricken out for the reason that they had never been summoned to appear in this case. At the hearing on the motion, the defendants swore that the truck was used by their son, Clyde Slacum, in the trucking business, and they denied that they had any interest in the business, or that the driver was their agent or employee. The court, while overruling the motion in so far as it sought to quash the return of the summons, nevertheless struck out the judgment by default and the inquisition thereon, but retained the lien of the judgment pending the conclusion of the case, with leave to the defendants to plead to the merits. The plaintiff is appealing from that order.

It is held at common law that the courts retain absolute control over their judgments during the term at which they are entered, and during that time have inherent power to strike them out. When a defendant moves to strike out a judgment during the term at which it is entered, the application is within the sound discretion of the court, and if the court strikes out the judgment no appeal will lie. *Townshend v. Chew,* 31 Md. 247; *State v. Butler,* 72 Md. 98, 18 A. 1105; *Malone v. Topfer,* 125 Md. 157, 163, 93 A. 397. In lieu of the ordinary term within which a judgment at common law remains under the control of the court, the period of thirty days has been substituted in the law courts of Baltimore City by local law enacted by the Legislature; consequently a judgment by default entered in one of those courts becomes enrolled at the end of thirty days after the entry of the judgment by default. Acts of 1886, Chap. 184; Charter of Baltimore City, 1938 Ed., Sec. 412; *Preston v. McCann,* 77 Md. 30, 25 A. 687; *Wagner v. Scurlock,* 166 Md. 284, 170 A. 539.

After the term at which a judgment is entered (or after the period of thirty days in Baltimore City), the

judgment is enrolled and it should not be disturbed except after the most careful consideration of the facts and circumstances of the case. For obvious reasons the law presumes that a judgment is the final settlement of all matters in dispute in a particular case. It is thus held in this State that the court should not set aside an enrolled judgment except where it has been shown by clear and convincing proof that the judgment was obtained by fraud, surprise, mistake or irregularity. "To hold otherwise," as Judge Alvey said in upholding this rule, "would go far to destroy all stability of the judgments of the courts." *Loney v. Bailey,* 43 Md. 10, 16. In passing upon such a motion, the trial court considers the equities and determines whether the motion is supported by evidence of circumstances which require that the judgment be set aside in order that the ends of justice would be subserved. *Abell v. Simon,* 49 Md. 318; *Foran v. Johnson,* 58 Md. 144; *Girard Fire & Marine Insurance Co. v. Bankard,* 107 Md. 538, 542, 69 A. 415; *Wisner v. Reeside,* 139 Md. 221, 114 A. 911; *Denton National Bank v. Lynch,* 155 Md. 333, 142 A. 103.

When a motion is made to vacate an enrolled judgment, even if obtained by default, the court considers all the facts with great circumspection, and if it is found that the defendant was regularly summoned, the court should not vacate the judgment unless it clearly appears that the defendant has acted with ordinary diligence, and has a meritorious and substantial defense, and has not acquiesced in the judgment or unreasonably delayed the filing of the motion. *Anderson v. Graff,* 41 Md. 601, 608; *Craig v. Wroth,* 47 Md. 281; *Waters v. Engle,* 53 Md. 179; *Murray v. Hurst,* 163 Md. 481, 163 A. 183, 85 A. L. R. 442; *Dixon v. Baltimore American Insurance Co. of New York,* 171 Md. 695, 188 A. 215; 2 *Poe, Pleading and Practice,* 1925 Ed., Secs. 388-396. For example, in *Pumpian v. E. L. Rice & Co.,* 135 Md. 364, 109 A. 71, where a judgment by default was recovered, the court properly refused to set it aside after it had become enrolled, because the defendant did not show that he had

not been summoned or that he had any meritorious defense.

In the present case, however, both defendants swore positively that they had never been summoned, and did not know until January, 1942, that judgment had been recovered against them. It is an elementary principle that no valid proceeding can be had against a person until he has been notified of the proceeding by proper summons, unless he voluntarily waives such constitutional right. In this case Deputy Sheriff William G. Bayer made the following return of the writ of summons: "Summoned Ambo and a Copy of Narr and Notice to plead left with each Defendant." The rule is well established that the official return of service of process is *prima facie* evidence of its truth, and the burden of proof is on the defendant assailing the return to show by clear and satisfactory evidence that he was not duly summoned. *Parker v. Berryman,* 174 Md. 356, 198 A. 708; *Weisman v. Davitz,* 174 Md. 447, 199 A. 476. The statute law of the State of Maryland does not prescribe exactly the manner in which the sheriff shall serve the writ of summons upon a defendant. Code, 1939, Art. 75, Sec. 153. However, the service must be a personal one, and while the officer is not expressly required by the statute to read the writ to the defendant, it is proper for him to read it or explain its nature. It is also customary to leave a copy of the writ with the defendant. *Boggs v. Inter-American Mining & Smelting Co.,* 105 Md. 371, 385, 66 A. 259; *Adkins v. Selbyville Mfg. Co.,* 134 Md. 497, 107 A. 181. It is provided by local law that in any action filed in Baltimore City the service of a copy of the declaration is a condition precedent to a judgment by default. Charter of Baltimore City, 1938 Ed., Sec. 400. If the officer fails to deliver a copy of the declaration to the defendant, judgment by default is improvidently entered. *Murray v. Hurst,* 163 Md. 481, 487, 163 A. 183, 85 *A. L. R.* 442.

According to the record in this case, the deputy sheriff was not certain whether he had notified William J.

Slacum or his son, Clyde Slacum. He admitted that he did not know "what kind of a case it was or what was in the papers." When asked whether the man whom he saw was the man who had just testified on the witness stand, he answered with uncertainty: "It's hard to recognize * * * I won't say positive." When asked whether he had summoned Mrs. Slacum, he said: "I can't remember the lady. I believe the lady opened the door for me, if I am not mistaken, and let me in." When asked whether he had served a summons upon her, he said: "Well, I ain't going to say positive." When asked whether he had served a copy of the declaration upon her, he said: "I won't say positive." Finally he admitted that he did not say anything at all to her about why he had come to the house.

In view of the emphatic denials of the defendants that they had ever been summoned, and the unsatisfactory testimony of the deputy sheriff, we conclude that the writ of summons should have been quashed. However, the defendants subsequently filed a general issue plea and are therefore in court, and accordingly no further action is necessary in reference to the writ of summons. We also hold that the judgment by default and the final judgment should be stricken out without retaining the lien.

> *Order striking out judgment by default and inquisition affirmed in part, and reversed in part, and case remanded for modification of the order in conformity with the views expressed in this opinion, the costs to be paid by the appellant.*