JOHN W. EDDY *v.* ERNEST E. SUMMERS, ET AL.

[No. 41, October Term, 1944.]

*Decided November 16, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Thomas Knox* and *Abraham A. Light* submitted on brief for the appellant.

No appearance and no brief for the appellees.

BAILEY, J., delivered the opinion of the Court.

John W. Eaddy, sometimes known as John W. Eddy, and Ernest E. Summers were respectively the drivers of two automobiles which collided on Biddle Street, near its intersection with Pennsylvania Avenue, in Baltimore City on February 6, 1943. Eddy's automobile was damaged to the extent of $282.45, while the damage to Summers' automobile was estimated at $403. On March 29, 1943, Eddy, to his own use and to the use of the National Guild Insurance Company, filed suit against Summers in the Baltimore City Court. Summers was duly summoned and served with a copy of the declaration. Upon his failure to appear and file pleas and upon proper motion of the plaintiff, judgment by default was entered against him on June 10, 1943. On June 15, he was served with notice that damages would be assessed. On September 29, the Judge, under the authority of Sec. 94, Art. 75, Annotated Code, as amended by Chapter 843 of the Acts of 1943, assessed the damages at $282.45 and judgment was entered against the defendant, upon this inquisition, for said amount and costs of suit.

Meanwhile, on June 22, 1943, Summers and his wife, to their own use and to the use of the Interstate Insurance Company, filed in the Superior Court of Baltimore City a suit to recover from Eddy the estimated damages to the automobile belonging to Summers and his wife. Eddy was duly summoned but failed to appear and file pleas in this action. Thereupon, on October 14, 1943, judgment by default was entered against him. No further action was taken in this case until March 13, 1944, when Eddy filed a motion to strike out the judgment by default entered against him on October 14, 1943. The motion first alleges that the judgment entered in the Baltimore City Court on September 29, 1943, was *res judicata* of the subject matter of the instant suit and then states that Eddy "does not deny that he was summoned in his suit but he says that he thought that all papers or

notices received pertained to the same suit which he had pending and did not understand that a cross-action was filed against him; that he has not been notified that judgment by default had been taken, or would be taken, against him in this case; that he has just learned two days before the date set for inquisition that judgment by default had been taken against him; that while he does not deny being served with a copy of the declaration in this case, he says that he has received no further summons or notice whatsoever in this case and that he believed that the whole matter was concluded by judgment as aforesaid." The motion was verified by his affidavit.

The plaintiffs demurred to the motion to strike out the judgment. The appeal in this case is from the order of Court entered on March 24, 1944, sustaining the plaintiff's demurrer and dismissing the defendant's motion.

We know of no rule of pleading or practice which authorizes the filing of a demurrer to a motion to strike out a judgment. In *Poe's Pleading and Practice*, Tiffany's Edition, Vol. 2, Sec. 394, the practice is discussed in detail. It is there stated that when the reasons assigned for striking out a judgment depend upon extrinsic facts of matters not apparent from the record, the motion should be verified by the affidavit of the party making it, or some one on his behalf, and the affidavits of other parties may also be filed; that due notice must be given and the motion set down for hearing; that counter-affidavits may be filed by the opposite party; or that testimony may be taken by either party, in the usual way, upon due notice, according to the rules of the Court, before one of the standing commissioners, or any other commissioner whom the parties may agree on, or even in open court, if the Court shall so determine. *Merrick v. B. & O. R. R. Co.*, 33 Md. 481; *Johnson v. Phillips*, 143 Md. 16, 122 A. 7. While this Court has held that a judgment will not be stricken out upon the mere *ex parte* affidavit of the defendant, taken without notice to the party against whom it is to be used (*Foran v. Johnson*,

58 Md. 144; *Geesey v. Stouch*, 94 Md. 75, 50 A. 422), it is the practice to decide the question either on affidavits or on testimony. *Johnson v. Phillips*, supra. In the instant case the action of the plaintiffs in demurring to the motion can be considered only as an admission of the truth of the facts alleged in the motion and sworn to by the defendant and as evidence of the willingness of the plaintiffs to submit the question upon the affidavit of the defendant, without filing counter-affidavits or testimony in contradiction of the facts alleged in the motion. Considering that the question was so presented to the trial court, it is our duty to determine whether the Court erred in dismissing the defendant's motion and in refusing to strike out the judgment by default entered against him.

Courts retain absolute control over their judgments during the term at which they are entered and during that time have inherent power to strike them out. In passing upon applications to strike out judgments, when such applications are made at the same term at which the judgments are entered, our Courts usually act liberally; and upon reasonable proof of merit, and other equitable circumstances, strike out the judgments and let the defendant in to be heard. *Malone v. Topfer*, 125 Md. 157, 163, 93 A. 397. In lieu of the term of court, during which the Court retains control over its judgments under its inherent common-law power, the period of thirty days has been substituted in the law courts of Baltimore City by a local law passed by the Maryland Legislature and now codified as Sec. 412, *Charter of Baltimore City*, 1938 Edition. *Harvey v. Slacum*, 181 Md. 206, 29 A. 2d 276. Where the application to strike out is made by the defendant after the lapse of the term in the counties, or after the period of thirty days from the entry of the judgment in Baltimore City, and when the judgment has consequently become enrolled, much greater strictness is observed, and then the judgment will not be stricken out except upon clear proof of fraud, deceit, surprise or irregularity, and unless it appears that the party making the application has acted in good faith and with ordinary

diligence. *Poe's Pleading & Practice,* supra, Sec. 392; *Harvey v. Slacum,* supra; *Foxwell v. Foxwell,* 122 Md. 263, 272, 89 A. 494; *Pumpian v. E. L. Rice & Co.,* 135 Md. 364, 109 A. 71.

The rule just stated applies to judgments by default as well as to other judgments. *Loney v. Bailey,* 43 Md. 10, 16; *Green v. Hamilton,* 16 Md. 317, 77 Am. Dec. 295; *Murray v. Hurst,* 163 Md. 481, 163 A. 183.

And this Court has held that, in addition to showing by convincing proof that he acted in good faith and with ordinary diligence, the defendant must also show that he has a meritorious defense to the cause of action. *Murray v. Hurst,* supra; *Pumpian v. Rice,* supra; *Craig v. Wroth,* 47 Md. 281; *Black on Judgments,* Vol. 1, Sec. 347.

The wisdom of the above rules has never been questioned. Upon the observance of them depends the stability of judicial acts. In the present case the motion to strike out the judgment was not filed until five months after the entry of the judgment by default and four months after it had been enrolled by virtue of the local statute applicable to Baltimore City. It is, therefore, incumbent upon the defendant to show first that the judgment was obtained by fraud, deceit or surprise or that there was some irregularity in its entry. This he has failed to do. The facts set out in his motion and verified by his affidavit show conclusively that the judgment was not secured by any fraud or deceit practiced upon him by the plaintiffs. Nor do the facts show that there was any element of surprise. He was duly served with summons and a copy of the declaration. Service of a copy of the declaration is a condition precedent to a judgment by default in Baltimore City. *Charter of Baltimore City,* 1938 Edition, Sec. 400; *Murray v. Hurst,* supra; *Harvey v. Slacum,* supra. He had previously secured a judgment by default in another court of Baltimore City so that he was not ignorant of the practice. He was also represented by an attorney in the former suit. Having been duly summoned in the present case, he is content to sit by and do nothing for five months. Presumably, he

did not even advise his attorney that the summons and copy of declaration had been served on him. Certainly we cannot say that he has acted in good faith and with ordinary diligence. Having failed to meet the first requisite, not only by convincing proof, but by proof of any character, it is unnecessary for us to decide whether the motion presents a meritorius defense, which is the second requisite for vacating a duly enrolled judgment. He has offered no valid excuse for his failure to appear to the action. This is essential for the vacation of a judgment by default rendered after due service of process. To say that he did not know the character of the papers served on him is not a sufficient excuse. If he did not know, it was his duty to find out. Ignorance of the effect of legal papers, as well as ignorance of the law, is no excuse. To rule otherwise in this case would tend to destroy the orderly procedure of the Courts.

For the reasons stated the order dismissing the motion will be treated as an order refusing to strike out the judgment, which is always appealable *(Poe's Pleading & Practice,* supra, Sec. 391), and the order will be affirmed.

*Order affirmed, with costs to the appellees.*