BERLINSKY *v.* EISENBERG ET AL.

[No. 160, October Term, 1947.]

*Decided May 26, 1948.*

The cause was argued before MARBURY, C.J., DELA-PLAINE, COLLINS, and HENDERSON, JJ., and BAILY, Circuit Judge, specially assigned.

*Justinus Gould* for the appellant.

638

The Court declined to hear argument for the appellees. *Edmund P. Dandridge, Jr., J. M. Butler* and *Venable, Baetjer & Howard* on the brief, for the appellees.

MARBURY, C.J., delivered the opinion of the Court.

The appellees, landlords of the appellant at 857 North Howard Street, Baltimore, Maryland, notified appellant to vacate the premises. On his failure to do so, they took proceedings to eject him in the People's Court of Baltimore City. The case was heard and decided there in favor of the appellant, whereupon the landlords filed an appeal in the Baltimore City Court. Upon a trial there, a judgment was entered for the appellees for restitution of the property, $200 damages and costs. The appellant attempts to appeal to this Court from that judgment.

There is no appeal provided to this Court from the Baltimore City Court, where that court has acted in its appellate jurisdiction, in a case originating in the People's Court. We can, however, examine the record in such a case, to determine whether the lower courts have jurisdiction. Whether they have, or whether they have not, we have no authority to determine other questions before them. The only question before us on such an appeal is whether the Baltimore City Court or the People's Court had jurisdiction. The subject was recently before this Court in the case of *Lambros v. Brown,* 184 Md. 350, 41 A. 2d 78, and is there fully discussed.

The appellant does not dispute that the law is as we have stated it, but he contends that neither the People's Court nor the Baltimore City Court had jurisdiction to hear this case. He claims that the premises were leased to and used by him not only as an antique shop, but as a residence. The property was never registered with the Office of Price Control, and the appellant claims that it should have been registered because it was leased in part for dwelling purposes. Under the Emergency Price Control Act of 1942, 50 U. S. C. A. Appendix, § 901 et seq., and the regulations made in pursuance thereof, and the Housing and Rent Act of 1947, 50 U. S. C. A. Appendix, § 1881 et seq. (in effect when the case was heard in the

Baltimore City Court), the landlord could not pursue his remedies under the local law until he had first gotten a certificate from the administrators of these Federal statutes, permitting him to do so. The appellant contends that since the property was not registered, and since no certificate was gotten, there was no jurisdiction in the local courts.

There is no question that under ordinary circumstances the People's Court has jurisdiction over cases such as this in Baltimore City, and that the Baltimore City Court has a similar jurisdiction on appeal from the People's Court. Since the Federal laws with respect to the rental of houses have been in force, they have been obeyed and enforced by the State courts, but whether their provisions have been complied with or not, or whether or not the premises in question come within the provisions requiring registration, and approval of the institution of ejectment proceedings, are questions which must be decided by a court having jurisdiction over the property, and the defendant. It is not a question of the jurisdiction of the People's Court or of the Baltimore City Court, but a question of the correctness *vel non* of the decisions made by those courts on matters entirely within their jurisdiction. The questions raised affect the right of the plaintiffs (appellees) to proceed with their action, not the right of the Court to hear the case. The authorities cited by appellant hold no more than this, that the procurement of a certificate from the administrator is a condition precedent to the right of the landlord to bring an action. They do not hold that such a certificate is necessary to give the courts jurisdiction. *Ritchie v. Johnson,* 158 Kan. 103, 144 P. 2d 925; *Carroll v. Joyce,* 267 App. Div. 942, 47 N. Y. S. 2d 519. Note 147 A. L. R. 1460; *Bell v. Dennis,* 158 Kan. 35, 144 P. 2d 938.

Any other conclusion would lead to the result that the jurisdiction of our state courts would be dependent upon the decision of a Federal Administrator. If that theory were carried to its necessary and ultimate conclusion, it would result in our state judicial system becoming entire-

ly subservient and subordinate to Federal administrative officials, and dependent on their decisions, rather than on the principles of justice and law established in the several states since the adoption of the Constitution. It is unthinkable that any such result was ever intended by or resulted from the enactment of the price control statutes. We have no hesitancy in finding that both the People's Court and the Baltimore City Court had jurisdiction in this case. Whether they decided the question before them correctly or not is a matter which we cannot consider. Jurisdiction to decide such a question ends with the Baltimore City Court.

There is another point made in the case, which is whether any question of jurisdiction was raised in the Baltimore City Court. The appellant apparently was his own counsel there, and at the beginning of the case he said to the Court that he wished "to submit to the Court that the plaintiff has no right to put himself under the jurisdiction of this Court." The court told him he could argue that later on, and the case then proceeded. It may be noted that the appellant did not object to the jurisdiction of the court, but, quite correctly, raised the question of the right of the plaintiff to proceed. No formal motion or any statement objecting to the jurisdiction of either the People's Court or the Baltimore City Court appears in the record. Nor does it appear that any question of jurisdiction was passed upon by the lower court. Nevertheless, matters of jurisdiction are always before the court, and are exceptions to the general rule that we only consider what has been first passed upon below. *United States Express Co. v. Hurlock,* 120 Md. 107, 87 A. 834, Ann. Cas. 1915 A. 566.

As we find that both the People's Court and the Baltimore City Court, on appeal, had jurisdiction over this case, there is nothing further for us to decide and the appeal will be dismissed.

*Appeal dismissed with costs.*