HAMBURGER, Trustee, *v.* STANDARD LIME AND STONE COMPANY

HAMBURGER, Trustee, *v.* AMERICAN BITUMULS COMPANY

(Two Appeals in Separate Records)

[Nos. 7-8, October Term, 1951.]

*Decided October 31, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Robert E. Clapp, Jr.*, with whom was *Louis J. Sagner* on the brief, for the appellant.

*Parsons Newman* and *Edmund P. Dandridge, Jr.*, with whom were *Venable, Baetjer & Howard* on the brief, for the Standard Lime and Stone Company.

Submitted on the record by *Alton Y. Bennett* for the American Bitumuls Company.

COLLINS, J., delivered the opinion of the Court.

Here are two appeals from refusals of the trial judge to strike out two judgments.

On March 27, 1948, each of the appellees filed a declaration, for materials furnished, against Ellsworth C. Valentine under the common counts, accompanied by a motion for summary judgment, together with notice of motion and an affidavit with vouchers attached. The defendant was summoned in each case and having failed to appear and answer within the required time, the motion for summary judgment was granted in each case and judgments entered on April 21, 1948, for the sums set out in the respective affidavits.

The appellant, as trustee in bankruptcy of Ellsworth C. Valentine, on January 3, 1950, after it is admitted that the judgments had become enrolled—Part VI. Revisory Power of Courts Over Final Judgments, Orders and Decrees, Rule 1, of the Rules of Practice and Procedure—and over twenty months after they had been entered, filed a motion in each case to strike out the judgment "Because said judgment purports to have been entered under the General Rules of Practice and Procedure of the Court of Appeals of Maryland, relating to summary judgments, but the proceedings thereunder show on their face that there was no compliance with said rules, and said judgment is therefore void." The appellant in each case claimed that the affidavit "fails to comply with Part IV, Rules of Practice and Procedure, Summary Judgment, Rule 2," because in one case it neither asserts nor shows that it was made on personal knowledge and both affidavits fail to present evidentiary facts upon which the claims are based.

It is a well-known principle of law in this State that an enrolled judgment, although obtained by default, if entered after the defendant was regularly summoned, will not be vacated by the courts unless it appears clearly

that the defendant has a meritorious and substantial defense, and has not unreasonably delayed the filing of the motion and acquiesced in the judgment. 2 *Poe, Pleading* and *Practice,* 1925 Ed. secs. 388-396. *Harvey v. Slacum,* 181 Md. 206, 209, 29 A. 2d 276. *Eddy v. Summers,* 183 Md. 683, 687, 688, 39 A. 2d 812. There is nothing here to show appellant has a meritorious and substantial defense to the suits. As was stated by Judge Alvey in *Loney v. Bailey,* 43 Md. 10, 16, and frequently quoted since: "To hold otherwise would go far to destroy all stability of the judgments of the courts." The motions of the appellant do not meet these and other requirements necessary to strike out enrolled judgments. The appellant does not dispute these well-known principles of law. He contends, however, in this Court that because the affidavits to support the motions for summary judgments are defective, which question it is not necessary that we pass upon here, although the court had jurisdiction over the person and subject matter of the suits and the defendant was regularly summoned and failed to answer within the required time, the trial court was without jurisdiction to enter the judgments. With this contention of the appellant we do not agree.

In the case of *Lambros v. Brown,* 184 Md. 350, 41 A. 2d 78, the subject of jurisdiction was recently fully discussed by this Court. *Berlinsky v. Eisenberg,* 190 Md. 636, 638, 59 A. 2d 327. *Lambros v. Brown, supra,* involved appeals to this Court from judgments entered against the appellant in the Baltimore City Court, heard there on appeals from the People's Court of Baltimore City. The appellant there contended that he was summoned to the September Term of the Baltimore City Court, that he was compelled to try the cases in the May Term, and the court had no right to advance them, and to compel him to go to trial at an earlier date, when he was unable to be present in person and give his testimony. This Court there said at page 354: "But whatever may have been his rights not to have his cases advanced, he does not here present a jurisdictional ques-

tion. *The Baltimore City Court had jurisdiction over appeals from the People's Court, and had jurisdiction over the appellant.* If the Court had no discretion to advance the cases, or improperly exercised its discretion to his detriment, we cannot review that action on these appeals. Here, we have before us, on appeals such as these, only jurisdictional questions. *Randle v. Sutton,* 43 Md. 64; *Shippler v. Broom,* 63 Md. 318, 319. We cannot, in these cases, pass upon the use or abuse of the discretion of the Baltimore City Court, and, therefore, we refrain from any comment on that subject." (Italics supplied.)

As was said in *Berlinsky v. Eisenberg, supra,* 190 Md. at page 639, 59 A. 2d at page 328: "It is not a question of the jurisdiction of the People's Court or of the Baltimore City Court, but a question of the correctness *vel non* of the decisions made by those courts on matters entirely within their jurisdiction. The questions raised affect the right of the plaintiffs (appellees) to proceed with their action, not the right of the Court to hear the case. The authorities cited by appellant hold no more than this, that the procurement of a certificate from the administrator is a condition precedent to the right of the landlord to bring an action. They do not hold that such a certificate is necessary to give the courts jurisdiction." Here, the sufficiency of the affidavit is not necessary to give the court jurisdiction to enter the summary judgments.

Here, the Circuit Court for Frederick County, the trial court, had jurisdiction of the subject matter of the suits and jurisdiction over the defendant who was regularly summoned. As the only question before us is one of jurisdiction to enter the judgments and as we find the trial court, having jurisdiction of the subject matter and of the defendant, had jurisdiction to enter the judgments, the orders overruling the motions to strike out those judgments will be affirmed.

*Orders affirmed, with costs.*