TYDON *v.* SPONG

[No. 87, September Term, 1964.]

*Decided December 7, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Edwin H. Miller,* with whom were *Lewis R. Jones, Miller & Miller* and *Jones & Jones* on the brief, for the appellant.

*Fred A. Thayer* and *Martin V. B. Bostetter* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

This appeal is from the action of the Circuit Court for Garrett County in restoring to the trial docket a damage suit which, under Rule D of the Rules of Court of the Fourth Judicial Circuit of Maryland, had been removed therefrom after it had remained untried for four successive terms of court and had not been reinstated by either party before the beginning of the fourth term next after it had been removed. Rule D provides that, in such circumstances, "* * * said cause shall be considered as non prossed, unless enjoined or under rule reference, or awaiting the decision of other cases involving similar questions * * *."

The case, which originally was brought in Washington County, had been removed to Allegany County at the suggestion of the plaintiff and then, on the suggestion of the defendant, to Garrett County, where it was placed on the docket of the circuit court for that County on October 24, 1961. It was continued at the December 1961 term of court and at the March, June and September terms of 1962. On motion of the defendant the case was marked "stet" on December 3, 1962, as Rule D permitted. The case remained in that posture for the next four

ensuing terms. The clerk of the Circuit Court for Garrett County, bypassing local counsel, notified the Washington County lawyer for the plaintiff by letter dated January 23, 1963, that the case had been marked "stet" and that he should take the steps necessary to have the case put back on the trial docket, if he so wished.

It appears that during the fall of 1963 counsel for the plaintiff and defendant in Garrett County were negotiating in an effort to settle the case and, if these efforts failed, to select a mutually convenient date for trial, and that in February 1964 local counsel for the plaintiff was informed that the original lawyer for the defendant in Washington County intended to oppose the reinstatement of the case to the trial docket. A petition seeking such reinstatement was filed by the plaintiff, by both original and local counsel, which was countered by an answer which relied on Rule D to sustain the right to have the case remain, under Rule D, as non prossed. Judge Hamill heard a presentation of facts and a discussion of the applicable authorities, and thereupon ordered the case to be put again upon the trial docket.

The appellee, plaintiff below, has moved to dismiss the appeal on the grounds, first, that the order appealed from was interlocutory and so not reviewable on appeal until final judgment, and next, that Rule D, which was printed in the appendix of the appellant, was not authenticated as in force and effect by the judge who tried the case and, therefore, the Rule and its application are not before the Court of Appeals.

It would seem to be established by *Williams v. Snyder, Admr.,* 221 Md. 262, 267, and the authorities therein relied on, that the defendant below had an immediate right of appeal to this Court from the action of the trial court in allowing an alleged cause of action, which would be subject to the plea of limitations if sought to be established by a new suit, to be rescued from interment as a case non prossed, and to be preserved for trial on the merits.

Rule D, on which the appellant, the defendant below, relies, was not put into evidence below, although obviously the trial judge could take judicial notice of the rules which had been duly promulgated to govern his court.

Counsel for the appellant, in designating the material to be included in the record on appeal, designated Rule D and no objection was made by counsel for the appellee. Indeed, the appellee does not now argue that the Rule was, or is not, in effect or that it is not correctly set forth in the appendix; only that it is not properly before this Court. Further, the substance of Rule D, which at that time was a rule of the Circuit Court for Allegany County, was reproduced in full and discussed, considered and ruled on in *Crawford v. Richards,* 193 Md. 236.

Although it is true that, as was said in *Eisenberg, Admin. v. Air Cond., Inc.,* 225 Md. 324, 333: "This Court does not ordinarily take judicial notice of the rules of the lower courts, and the presumption is that the proceedings in the court below were in conformity with its own rules," in the case before us we shall assume for the purpose of the decision that Rule D is before us since, as we see the case, the result would be the same whether it is or is not.

Our decisions make it clear that in working with rules like Rule D (the validity of such rules has long been recognized, as for example, in *Laurel Canning Co. v. B. & O. R. R.,* 115 Md. 638, and *Petite v. Estate of Papachrist,* 219 Md. 173) the trial judge has a certain discretion. In *Crawford v. Richards, supra,* where there was an effort to reinstate to the trial docket a case which had been removed for lack of prosecution, the matter was analogized to that of an enrolled judgment and it was said (p. 243 of 193 Md.) :

> "An enrolled judgment should not be set aside 'except where it has been shown by clear and convincing proof that the judgment was obtained by fraud, surprise, mistake or irregularity. * * * In passing upon such motion, the trial court considers the equities and determines whether the motion is supported by evidence of circumstances which require that the judgment be set aside in order that the ends of justice should be subserved.' *Harvey v. Slacum,* 181 Md. 206, 209, 29 A. 2d 276, 277."

This Court held in *Crawford* that it was error not to have reinstated the case for trial since there was no indication of negli-

gence on the part of the plaintiff, that she had slept on her rights or that a non pros would have been in order but, rather, that failure to prosecute was due to mistake or irregularity.

In the present case the allegations of the petition to reinstate and of the answer thereto, considered with the statements of fact in the brief and at the argument, on which the parties did not differ significantly or materially, lead us to believe that Judge Hamill could properly have concluded that counsel for the plaintiff in Garrett County, in good faith and with reason, believed as a result of his negotiations and conversations with his brother at the Garrett County bar who represented the defendant, it would not be necessary to take action as to the status of the case until either a settlement had been reached or a trial date agreed on. *Cf. Merrimack Park v. County Board,* 228 Md. 184; and *Chandlee v. Shockley,* 219 Md. 493. This conclusion permitted Judge Hamill to find that failure to reinstate the case to the trial docket and its consequent status as a non prossed case had been due to mistake or irregularity and that the equities and the ends of justice would best be subserved if the case were restored to the trial docket. As was said in *Creighton v. Ruark,* 230 Md. 145, 148: "* * * we may assume that the trial court was familiar with the Rule, and acted within the scope of his authority." (The reference was to Md. Rule 625, which provides that the court lacks revisory power over a judgment after thirty days except in the presence of fraud, mistake or irregularity, and the claim of the unsuccessful appellant was that the case fell within the exceptions.) We perceive no reason why the assumption made in *Creighton* should not be made here.

*Order affirmed, with costs.*