## BLAKE CONSTRUCTION COMPANY ET AL. v. DAVID L. STEARMAN ET AL.

[No. 869, September Term, 1976.]

*Decided June 10, 1977.*

The cause was argued before THOMPSON, LOWE and MELVIN, JJ.

*William N. Rogers,* with whom were *Douglas S. Hoff* and *Carr, Jordan, Coyne & Savits* on the brief, for appellants.

*George P. Haldeman,* with whom were *Brault, Graham, Scott & Brault* in the brief, for appellees.

MELVIN, J., delivered the opinion of the Court.

This case comes to this Court upon the grant of the plaintiffs' motion to suspend the operation of Maryland Rule 530 by the Circuit Court for Montgomery County (Shearin, J.). The case originated nearly five years ago, on 23 August

1972, with the filing of a declaration by the plaintiffs (appellees) against the defendants (appellants), Dechard & McLaughlin, Inc., and Blake Construction Co., Inc., alleging damages resulting from negligence and breach of contract in connection with the installation of plumbing equipment in a multi-unit apartment building owned by the plaintiffs.

The appellants, defendants below, contend that Judge Shearin abused his discretion by keeping the case alive. The appellees, plaintiffs below, have filed with their brief a motion to dismiss the appeal as being premature. We agree with the appellees. Consequently, the appeal must be dismissed and we do not reach the issue raised by the appellants.

The reason this appeal is premature is because the order appealed from is not a judgment, "which is so far final, as to settle and conclude the rights of the part[ies] involved in the action, or denying to the part[ies] the means of further prosecuting or defending the suit". *See, Nu Car Carriers, Inc. v. Everett*, 33 Md. App. 310 (1976) where we said, at 310, 311:

> "The Annotated Code of Maryland, Courts Article, § 12-301, provides in part that ' * * * a party may appeal from a final judgment entered in a civil * * * case by a circuit court.' The term 'final judgment' is defined in § 12-101 (f) to mean ' * * * a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken.' The apparent dilemma created by defining a phrase in terms of the thing being defined is explained by a Revisor's Note under subsection (f). It says, 'This definition does not attempt to specify what is an appealable final order. That is left to case law, as at present.'
>
> "The case law has been consistent for well over 100 years. In *Hazlehurst v. Morris*, 28 Md. 67 (1868), the Court of Appeals said, at 71:

'The law has been clearly settled in this State, that 'no appeal can be prosecuted to this court until a decision has been had in the court below, which is so far final, as to settle and conclude the rights of the party involved in the action, or denying to the party the means of further prosecuting or defending the suit. When the proceedings below shall be terminated, an appeal will then lie, and all the errors of the court below, in the progress of the cause, will be proper subjects for complaint of the party, and for the correction of this court.' *Boteler v. State*, 7 G. & J. 112; *Welsh v. Davis*, 7 Gill. 366; *Green v. Hamilton*, 16 Md. 328. The order, passed in the court below, did not settle and conclude the rights involved in the cause; nor was it of such a character as to deny to the party the means of defending the suit, and was not, therefore, so far final as to be a proper subject of appeal. This appeal must, therefore, be dismissed.' "

"In *Brooks v. Ford Motor Credit Co.*, 261 Md. 278, 274 A. 2d 345 (1971), the Court of Appeals said, at 280:

'We have consistently held that appeals will lie only from final judgments which settle the rights of the parties or conclude the cause, *Tvardek v. Tvardek*, 257 Md, 88, 261 A. 2d 762 (1970); *Hillyard Constr. Co. v. Lynch*, 256 Md. 375, 260 A. 2d 316 (1970).' "

In *Hillyard Construction Company v. Lynch*, 256 Md. 375, 379 (1970), the Court of Appeals, quoting from the early case of *Boteler v. State ex rel. Chew*, 7 G. & J. 109 (1835) stated the reason for the rule against piecemeal appeals:

"To permit an appeal from any decision of the

Court below, which does not finally settle the rights of the party, or conclude the cause, would enable either plaintiff, or defendant to protract the suit to an almost indefinite period."

\* \* \*

"It is time enough for a party to apply to this Court for redress, when it is ascertained that he is to be injured by the judgment of which he complains."

The appellants argue that "this action is appealable under the doctrine of *Tydon v. Spong*, 237 Md. 107, 205 A. 2d 220 (1964) and *Williams v. Snyder*, 221 Md. 262, 155 A. 2d 904 (1959)". We do not agree.

In *Williams v. Snyder, supra*, an enrolled judgment of *non pros* had been entered for the defendant. On motion of the plaintiff, the judgment had been set aside and the suit reopened for trial. The defendant appealed the order setting aside the enrolled judgment. The Court held the order was immediately appealable because:

"... [w]hen the judgment became enrolled the defendant acquired a substantial right in the judgment of *non pros* of which he cannot be validly deprived except upon a showing of fraud, mistake or irregularity. Rule 625, *supra;* Poe, *op. cit., supra,* § 390. Therefore, when the lower court vacated the judgment of *non pros* and reopened the case for trial — which had the effect of reinstating a cause of action which was otherwise barred by limitations — the defendant had an immediate right of appeal to this Court." 221 Md. at 268.

In *Tydon v. Spong, supra*, there was an appeal from the action of the lower court in restoring to the trial docket a damage suit that, under a local circuit rule, had been removed therefrom after it had remained untried for a certain length of time and had not been reinstated by either party within a certain time after it had been removed. The

rule provided that, in such circumstances, "said cause shall be considered as *non prossed* . . . ." On the authority of *Williams v. Snyder, supra,* the Court of Appeals held that the order appealed from was immediately appealable.

Whatever else may be included within the "doctrine" of the two cases, it is clear that in both cases the cause of action had been effectively terminated by an enrolled judgment or, as in *Tydon,* a rule of court that had the same effect. Any action of the trial court that disturbs the "substantial right" of a party in such a judgment is immediately appealable. *See also First Federated Community Trust Corporation v. / Commissioner of Securities,* 272 Md. 329, 333 (1974).

In the present case, the cause of action has never been terminated. The defendants have never acquired any rights, "substantial" or otherwise, in any judgment or order in their favor. The effect of Judge Shearin's order suspending the operation of Rule 530 was not, therefore, to "reinstate" or reactivate an interred case. Unlike the causes of action in *Tydon* and *Williams,* the instant cause of action has never been interred. The order preventing it from becoming interred is therefore interlocutory in nature. Only those interlocutory orders specifically mentioned in Courts Art., § 12-303 are immediately appealable. The order in the case *sub judice* is not one of those mentioned. Consequently we are without jurisdiction to entertain this appeal.

*Motion to dismiss appeal granted.*
*Appellants to pay the costs.*