# CIRCUIT COURT OF ROCKINGHAM COUNTY

Marsha C. Reese,
a/k/a Marsha C. King

v.

Golden Eagle Credit Corp.,
successor in interest to
California Commercial Capital

October 27, 2006

Case No. CH04-00265

BY JUDGE JOHN J. MCGRATH, JR.

This matter came to be heard on Petitioner's Bill of Complaint to Vacate Filing of Foreign Judgment and Motion to Stay Enforcement. Following the hearing of the evidence on September 14, 2006, the Court took this matter under advisement for further review and issuance of an opinion.

On April 6, 1988, Respondent obtained a default judgment in the District Court of Maryland for Garret County, docket number 12-02-0000027-98, against Petitioner. On or about May 10, 2004, Respondent's counsel submitted a Notice of Filing Foreign Judgment to this Court to have such judgment docketed, and such notice was recorded in Judgment Lien Docket Book 86, page 172, the same day pursuant to Va. Code § 8.01-465.2. Petitioner argues that she never received service of process of the action, nor was she ever properly notified of the proceedings.

Virginia Code § 8.01-465.2 is a part of the Uniform Enforcement of Foreign Judgment Act, which provides:

> A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this Commonwealth may be filed in the office of the clerk of any circuit court of any

city or county of this Commonwealth upon payment of the fee prescribed in subdivision A 17 of § 17.1-275. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of any city or county of this Commonwealth. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of any city or county of this Commonwealth and may be enforced or satisfied in like manner.

In addition, Virginia Code § 8.01-428(A) provides:

Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record, or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) or proof of an accord and satisfaction. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

Petitioner argues that she was never properly served in accordance with the laws of the state of Maryland. Maryland Rule 2-121(a) provides:

Service of process may be made ... (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting "Restricted Delivery – show to whom, date, address of delivery."

In this case, Petitioner disputes that she actually received service. Respondent provided the Writ of Summons alleged to have been served on Petitioner at the address of Rt. 4, Box 7740, Oakland, MD 21550. The private process server certified that he "served a summons by delivery to Marsha King on 2-2-98 and left with her a copy of the complaint and all supporting papers."

The rule in Maryland "is well established that the official return of service of process is *prima facie* evidence of the truth, and the burden of proof is on the defendant assailing the return to show by clear and convincing evidence that he was not duly summoned." *Harvey v. Slacum*, 181 Md. 206, 210, 29 A.2d 276, 278 (1942). In addition, "[i]f the defendant's denial is supported by corroborative evidence by independent, disinterested witnesses, the denial will stand unless the corroborative evidence is refuted." *Ashe v. Spears*, 263 Md. 622, 628, 284 A.2d 207, 210 (1971).

In the present case, the Petitioner introduced evidence showing that her ex-husband, not herself, was living at the address the Writ of Summons was purported to be served at with his new wife. In addition, the Petitioner introduced compelling evidence showing that her ex-husband's new wife bore a striking resemblance to the Petitioner, herself. Both women were petite and blonde with similar facial features. No evidence was presented refuting Petitioner's claim that she never received a copy of the Summons. Therefore, it is apparent that Petitioner carried her burden to show that she was not duly summoned.

For the foregoing reasons, it is hereby adjudged, ordered, and decreed that Petitioner is entitled to have the docketing of the foreign judgment set aside and to a stay of enforcement of the foreign judgment filed in the Commonwealth of Virginia pending the outcome of any other actions to vacate the filing of the foreign judgment.